In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-323 CV


____________________



IN RE THE COMMITMENT OF MINOR BUFORD REEDER






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 02-12-08260-CV






MEMORANDUM OPINION


 Pursuant to Title 11, Chapter 841 of the Health and Safety Code (the SVP statute), the
State of Texas filed a petition to civilly commit Minor Buford Reeder as a sexually violent
predator. See Tex. Health & Safety Code Ann. §§ 841.001-.150 (Vernon 2003 & Supp.
2004). The trial court found that Reeder suffers from a behavioral abnormality that makes
him likely to engage in a predatory act of sexual violence and entered a final judgment and
order of civil commitment. Reeder appeals presenting two issues.

 In his first issue, Reeder argues the SVP statute is unconstitutional because it is
punitive in nature. This court has repeatedly held the SVP statute is not punitive, In re
Commitment of Larkin, 127 S.W.3d 930 (Tex. App.--Beaumont 2004, no pet.); In re
Commitment of Morales, 98 S.W.3d 288 (Tex. App.--Beaumont 2003, pet. denied); In re
Commitment of Mullens, 92 S.W.3d 881 (Tex. App.--Beaumont 2002, pet. denied); and
Beasley v. Molett, 95 S.W.3d 590 (Tex. App.--Beaumont 2002, pet. denied), and the Texas
Supreme Court has not written on this issue. (1) Issue one is overruled.

 Reeder's second issue contends the SVP statute and the concomitant "Final Judgment
and Order of Commitment" are unconstitutionally vague. Reeder's complaints regarding the
order of commitment are based upon its conformance with the statute. This court has held
the statute is not unconstitutionally vague, see Larkin, 127 S.W.3d at 932; Morales, 98
S.W.3d at 291; Mullens, 92 S.W.3d at 887-88, and the Texas Supreme Court has not written
on this issue. Accordingly, we decline to find the statute and the attendant judgment are
unconstitutionally vague. Issue two is overruled.

 The judgment of the trial court is AFFIRMED.


 _________________________________

 DON BURGESS

 Justice

Submitted on July 2, 2004

Opinion Delivered August 26, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. But see Fisher v. State, 123 S.W.3d 828 (Tex. App.--Corpus Christi 2003, pet. filed).