### In re COMMITMENT OF Donald LARKIN.

No. 09–03–289 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 11, 2004.

Decided Feb. 19, 2004.

Ken Balusek, State Counsel for Offenders, Huntsville, for appellant.

Autumn Lewis, Special Prosecution Unit, Civil Division, Huntsville, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

Pursuant to Title 11, Chapter 841 of the Health and Safety Code (the SVP statute), the State of Texas filed a petition to civilly commit Donald Larkin as a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–841.50 (Vernon 2003 & Supp.2004). The trial court found that Larkin suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence and entered a final judgment and order of civil commitment. Larkin appeals presenting six issues.

In his first issue, Larkin argues the SVP statute is unconstitutional because it is punitive in nature and violates basic constitutional safeguards. As recognized in Larkin's brief, this court has repeatedly held the SVP statute is not punitive. *See In re Commitment of Morales,* 98 S.W.3d 288 (Tex.App.-Beaumont 2002, pet. denied); *In re Commitment of Mullens,* 92 S.W.3d 881(Tex. App.-Beaumont 2003, pet. denied); and *Beasley v. Molett,* 95 S.W.3d 590 (Tex.App.-Beaumont 2002, pet. denied), and the Texas Supreme Court has not written on this issue.[1] Issue one is overruled.

Issue two claims that requiring Larkin to submit to polygraph examinations vio-

---

1. However, since the writing of Larkin's brief, the Texas Supreme Court has denied petition on these cases.

lates the Fifth Amendment privilege against self-incrimination. *See* U.S. CONST. amend. V. As conceded by Larkin, we have previously decided this issue adversely to him and discern no reason to revisit our decision. *See Beasley,* 95 S.W.3d at 609–10; *Mullens,* 92 S.W.3d at 888. Issue two is overruled.

Larkin's third issue contends the SVP statute is unconstitutionally vague and violates the separation of powers doctrine. As admitted in Larkin's brief, this court has held otherwise. *See Morales,* 98 S.W.3d at 291; *Mullens,* 92 S.W.3d at 887–88. The Texas Supreme Court has not written on this issue. Issue three is overruled.

█ In issue four, Larkin challenges the trial court's decision to strike his pleadings and order he be civilly committed via a default judgment. The State moved for Rule 215.2 sanctions and requested the trial court strike Larkin's pleadings and prohibit him from presenting any evidence. *See* TEX.R. CIV. P. 215.2. However, on appeal the State ostensibly concedes error when it asserts "[t]he State has limited opposition to issue four. Consequently, issues five and six are moot." [2] The State offers no argument or authority in support of the trial court's action.

█ In accordance with *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917–18 (Tex.1991) (orig.proceeding), there must be a direct relationship between the offensive conduct and the sanction imposed, and the sanctions must not be excessive. To avoid being excessive, a trial court must first test the effectiveness of lesser sanctions before entering

death penalty sanctions. *See In re Polaris Indus., Inc.,* 65 S.W.3d 746, 751 (Tex.App.-Beaumont 2001, orig. proceeding). Additionally, constitutional due process precludes imposing sanctions that determine the merits of a case unless the discovery abuse justifies a legal presumption that the disobedient party's claims or defenses lack merit. *Id.*

We find no basis to justify a legal presumption of lack of merit of Larkin's defense. We further find no evidence of prejudice caused the petitioner that cannot be or has not been remedied. Also, we are unaware of any effort by the trial court to first test lesser sanctions. *See id.* at 751–52 (citing *Hamill v. Level,* 917 S.W.2d 15, 16 (Tex.1996); *TransAmerican,* 811 S.W.2d at 918; and *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 849–50 (Tex. 1992)). Accordingly, we find the requirements for imposing death penalty sanctions were not present. Issue four is sustained.

We therefore do not address issues five and six. The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

**2.** Issues five and six similarly challenge the correctness of the trial court's action.