In re Commitment of Luis CASTILLO.

No. 09–03–440 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Aug. 24, 2004.

Decided Aug. 31, 2004.

Jay Scott MacDonald, State Counsel for Offenders, Huntsville, for Appellant.

Gina M. Debottis, Special Presecution Unit, Civil Division, Huntsville, for State.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

**OPINION**

PER CURIAM.

The State of Texas filed a petition to commit Luis Castillo as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001–.147 (Vernon 2003 & Supp.2004). A jury found Castillo suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence, and found that Castillo has a serious difficulty in controlling his behavior. The appellant does not challenge the sufficiency of the evidence to support the

jury's findings. The trial court entered a final judgment and order of civil commitment. Castillo presents two issues in his appeal. We find no error and affirm the judgment.

■ The appellant's first issue inquires, "whether the SVP statute [Chapter 841 of the Texas Health and Safety Code] and 'final judgment and order of commitment' are unconstitutionally vague." Initially, Castillo argues that the sexually violent predator statute is punitive. He contends the statute is punitive because a violation of the order is a criminal offense, because prior convictions must be proven in order to commit someone under the statute, and because a person civilly committed may be required to submit to a tracking device. He also argues that the purpose of the statute cannot be attained because his condition, pedophilia, is incurable. Arguments similar to those presented in the brief have been addressed and rejected in *Beasley v. Molett,* 95 S.W.3d 590, 607–10 (Tex.App.-Beaumont 2002, pet. denied); *In re Commitment of Larkin,* 127 S.W.3d 930, 932 (Tex.App.-Beaumont 2004, no pet.); *In re Commitment of Adams,* 122 S.W.3d 451, 452 (Tex.App.-Beaumont 2003, no pet.); *In re Commitment of Petersimes,* 122 S.W.3d 370, 372 (Tex.App.-Beaumont 2003, pet. denied); *In re Commitment of Almaguer,* 117 S.W.3d 500, 502 (Tex.App.-Beaumont 2003, pet. denied); *In re Commitment of Shaw* 117 S.W.3d 520, 522–23 (Tex.App.-Beaumont 2003, pet. denied); *In re Commitment of Graham,* 117 S.W.3d 514, 515 (Tex.App.-Beaumont 2003, pet. denied); and *In re Commitment of Mullens,* 92 S.W.3d 881, 883–84 (Tex.App.-Beaumont 2002, pet. denied). In accordance with precedent, we hold that Chapter 841, Texas Health and Safety Code, is not a punitive statute.

■ Castillo contends that the requirements of Section 841.082(a) are unconstitu-

tionally vague. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1188 § 4.01, 1999 Tex. Gen. Laws 4122, 4147–48, *amended by* Act of May 30, 2003, 78th Leg., R.S., ch. 347, § 24, 2003 Tex. Gen. Laws 1505, 1516–17 (current version at Tex. Health & Safety Code Ann. § 841.082(a) (Vernon Supp. 2004)). First, he complains that the trial court improperly delegated the authority granted to the judge by subsection (a)(1) to determine the county in which the appellant shall live. The order requires Castillo to live in Tarrant County (the county to which he had been paroled), and states that he cannot change his residence without prior authorization from the court. Thus, Castillo's argument regarding improper delegation of court authority lacks merit.

■ Next, the appellant argues that the (a)(4) statutory requirement that he participate in a specific course of treatment is unconstitutionally vague because the specific course of treatment to be ordered is not set forth in the statute itself. He argues that the course of his treatment cannot be delegated to an unknown case manager. This particular objection is not contained in the appellant's motion for new trial, and the brief does not refer the Court to where the objection might be found in the record. The complaint is not preserved. Tex.R.App. P. 33.1. Likewise omitted from the record is the document titled "Civil Commitment Requirements: Treatment and Supervision Contract." Although the appellant challenges several of its provisions, and contends such a document was incorporated by reference into the commitment order, the judgment does not incorporate an attached exhibit.

Castillo also challenges the (a)(5) requirement that he be ordered to submit to a tracking device and the (a)(9) provision that gives the trial court the authority to impose additional requirements. We re-

jected these arguments in *Petersimes*, 122 S.W.3d at 372. Based on the precedent established by our previous decisions, we overrule issue one.

Issue two contends that the appellant's Fifth Amendment privilege against self-incrimination was violated when he was compelled to give a deposition. On May 9, 2003, the trial court entered an order granting the State leave to depose Castillo. The clerk's record does not contain a motion to quash the deposition, and the appellant did not object to its publication to the jury during the trial. Because the error asserted on appeal was not presented to the trial court, the issue has not been preserved for appellate review. *In re Commitment of Browning*, 113 S.W.3d 851, 862, n. 10 (Tex.App.-Austin 2003, pet. denied). Issue two is overruled. The judgment is affirmed.

AFFIRMED.