**In re The COMMITMENT OF George LOWE.**

**No. 09–03–475 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Sept. 2, 2004.

Decided Dec. 9, 2004.

---

Daniel E. Maeso, Nelda F. Williams, State Counsels for Offender, Huntsville, for appellant.

Gina M. DeBottis, Special Prosecution Unit, Huntsville, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID GAULTNEY, Justice.

The State of Texas filed a petition to commit George Lowe as a sexually violent predator. See Tex. Health & Safety Code Ann. §§ 841.001–.147 (Vernon 2003 and Supp.2004–05). A jury found Lowe suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence, and found Lowe has serious difficulty in controlling his sexually violent behavior. The trial court entered a final judgment and order of civil commitment. Lowe presents four issues for appellate review.

In his first issue, Lowe contends the SVP statute is punitive. We have addressed and rejected this argument in other cases. See *Beasley v. Molett*, 95 S.W.3d 590, 607–08 (Tex.App.-Beaumont 2002, pet. denied); *In re Commitment of Graham*, 117 S.W.3d 514, 514–15 (Tex. App.-Beaumont 2003, pet. denied); *In re Commitment of Larkin*, 127 S.W.3d 930, 931 (Tex.App.-Beaumont 2004, no pet.); *In re Castillo*, 144 S.W.3d 655, 656 (Tex.App.-Beaumont 2004, no pet.). For the same reasons, we reject Lowe's argument here. Issue one is overruled.

In his second issue, Lowe contends certain portions of the SVP statute and the final judgment and order of commitment entered thereunder are unconstitutionally vague and, therefore, violate his due process rights. Lowe complains specifically of Section 841.082(a). See Tex. Health & Safety Code Ann. § 841.082(a) (Vernon Supp.2004–05). We have considered and rejected this and similar arguments in previous cases, and for the same reasons reject Lowe's argument here. See *Beasley*, 95 S.W.3d at 608–10; see also *In re Commitment of Mullens*, 92 S.W.3d 881, 887–888 (Tex.App.-Beaumont 2002, pet. denied). Issue two is overruled.

In his third issue, Lowe argues Section 841.082(d) of the Texas Health and Safety Code is void for vagueness.[1] (1) Section 841.082(d) provides:

Immediately after the case becomes final for purposes of appeal, the judge shall transfer jurisdiction of the case to a district court, other than a family district court, having jurisdiction in the county in which the person is residing, except that the judge retains jurisdiction of the case with respect to a civil commitment proceeding conducted under Subchapters F and G.

Tex. Health & Safety Code Ann. § 841.082(d) (Vernon Supp.2004–05). Lowe contends "[t]he vagueness of the statute creates uncertainty as to where [Lowe] and other SVPs are required to file appeal." According to Lowe, section 841.082(d) purports to transfer appellate jurisdiction to another appellate district, contrary to the jurisdictional provisions of Section 22.201(j) of the Texas Government Code and the Texas Constitution. See Tex. Gov't Code Ann. § 22.201(j) (Vernon 2004); see Tex. Const. art. V, § 6.

Words not defined in a statute are given their plain meaning, read in context, and construed according to the rules of grammar and common usage. See Tex. Gov't Code Ann. § 311.011(a) (Vernon 1998); see also *Waldie v. State*, 923 S.W.2d 152, 157 (Tex.App.-Beaumont 1996, no pet.). We presume the legislature intends a just and reasonable result, a result feasible of execution, and the entire statute to be effective. See Tex. Gov't Code Ann. § 311.021(2), (3), (4) (Vernon 1998). We further presume the legislature enacted the statute with knowledge of and with reference to existing law. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990).

The legislature made the following findings in support of a civil commitment procedure for the long-term supervision and treatment of sexually violent predators:

---

1. See generally *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)("The degree of vagueness that the Constitution tolerates—as well as the relative importance of fair notice and fair enforcement—depends in part on the nature of the enactment."); see also generally *National Endowment for the Arts v. Finley*, 524 U.S. 569, 588, 118 S.Ct. 2168, 141 L.Ed.2d 500 (1998)("The terms of the [grant] provision are undeniably opaque, and if they appeared in a criminal statute or regulatory scheme, they could raise substantial vagueness concerns.").

The legislature finds that a small but extremely dangerous group of sexually violent predators exists and that those predators have a behavioral abnormality that is not amenable to traditional mental illness treatment modalities and that makes the predators likely to engage in repeated predatory acts of sexual violence. The legislature finds that the existing involuntary commitment provisions of Subtitle C, Title 7, are inadequate to address the risk of repeated predatory behavior that sexually violent predators pose to society. The legislature further finds that treatment modalities for sexually violent predators are different from the traditional treatment modalities for persons appropriate for involuntary commitment under Subtitle C, Title 7. Thus, the legislature finds that a civil commitment procedure for the long-term supervision and treatment of sexually violent predators is necessary and in the interest of the state. (footnote omitted).

Tex. Health & Safety Code Ann. § 841.001 (Vernon 2003). The provision at issue is found in Section 841.082 of the Health and Safety Code. That section provides as follows:

(a) Before entering an order directing a person's outpatient civil commitment, the judge shall impose on the person requirements necessary to ensure the person's compliance with treatment and supervision and to protect the community. The requirements shall include:

(1) requiring the person to reside in a particular location;

(2) prohibiting the person's contact with a victim or potential victim of the person;

(3) prohibiting the person's possession or use of alcohol, inhalants, or a controlled substance;

(4) requiring the person's participation in and compliance with a specific course of treatment;

(5) requiring the person to:

(A) submit to tracking under a particular type of tracking service and to any other appropriate supervision; and

(B) refrain from tampering with, altering, modifying, obstructing, or manipulating the tracking equipment;

(6) prohibiting the person from changing the person's residence without prior authorization from the judge and from leaving the state without that prior authorization;

(7) if determined appropriate by the judge, establishing a child safety zone in the same manner as a child safety zone is established by a judge under Section 13B, Article 42.12, Code of Criminal Procedure, and requiring the person to comply with requirements related to the safety zone;

(8) requiring the person to notify the case manager immediately but in any event within 24 hours of any change in the person's status that affects proper treatment and supervision, including a change in the person's physical health or job status and including any incarceration of the person; and

(9) any other requirements determined necessary by the judge.

(b) The judge may request assistance from the council in determining an appropriate residence for the person.

(c) The judge shall provide a copy of the requirements imposed under Subsection (a) to the person and to the council. The council shall provide a copy

of those requirements to the case manager and to the service providers.

(d) Immediately after the case becomes final for purposes of appeal, the judge shall transfer jurisdiction of the case to a district court, other than a family district court, having jurisdiction in the county in which the person is residing, except that the judge retains jurisdiction of the case with respect to a civil commitment proceeding conducted under Subchapters F and G.

(e) The requirements imposed under Subsection (a) may be modified at any time after notice to each affected party to the proceedings and a hearing.

Tex. Health & Safety Code Ann. § 841.082 (Vernon Supp.2004–05).

Subsection (d) refers to the time when jurisdiction—other than for purposes of "a civil commitment proceeding conducted under Subchapters F and G" [2] (2)—is to be transferred to a court in the county in which appellant resides for supervision and treatment pursuant to a final commitment order. *Id.* This jurisdiction transfer provision must be read in the context of the statute's structure. In Subchapter C, the statute provides that "a petition alleging that the person is a sexually violent predator and stating facts sufficient to support the allegation" may be filed "in a Montgomery County district court other than a family district court[.]" See Tex. Health & Safety Code Ann. § 841.041(a) (Vernon Supp.2004–05). Subchapter D provides for the trial, and provides that either the State or the person is entitled to appeal a determination that the person is a sexually violent predator. See Tex. Health & Safety Code Ann. § 841.062 (Vernon 2003). Subchapter E, where the provision at issue is found, provides for the civil commitment of a person determined at trial to be a sexually violent predator. Section 841.081(a) provides in part:

> The commitment order is effective immediately on entry of the order, except that the outpatient treatment and supervision begins on the person's release from a secure correctional facility or discharge from a state hospital and continues until the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence.

Tex. Health & Safety Code Ann. § 841.01(a)(Vernon Supp.2004–05). The district judge in Montgomery County who tried the case is to "impose on the person requirements necessary to ensure the person's compliance with treatment and supervision and to protect the community." See Tex. Health & Safety Code Ann. § 841.082(a) (Vernon Supp.2004–05). Those requirements include requiring the person to reside in a particular location. See *Id.* Subchapter E provides for treatment and supervision of the committed person. See Tex. Health & Safety Code Ann. § 841.083 (Vernon Supp.2004–05). Compliance with the commitment order is supervised while the case is on appeal, because the commitment order is effective while the case is on appeal. It is in this context that Subsection 841.082(d) provides for transfer of certain jurisdiction to a district court, other than a family district court, having jurisdiction in the county in which the person is required to reside.

The entire jurisdiction over the case is not transferred. Section 841.082(d) provides "the judge retains jurisdiction of the case with respect to a civil commitment proceeding conducted under Subchapters

---

**2.** Subchapter F is entitled "Commitment Review." Subchapter G is entitled "Petition for Release." References

F and G." See Tex. Health & Safety Code Ann. § 841.082(d) (Vernon Supp.2004–05). Subchapter F provides that a person committed under Section 841.081 "shall receive a biennial examination." See Tex. Health & Safety Code Ann. § 841.101(a) (Vernon 2003). The case manager provides a report of the examination to the judge. *Id.* The judge conducts a biennial review of the status of the committed person. See Tex. Health & Safety Code Ann. § 841.102 (Vernon 2003). The judge sets a hearing if the judge determines that a requirement imposed on the person should be modified or probable cause exists to believe that the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence. See *Id.* Subchapter G provides for the filing of petitions for release. See Tex. Health & Safety Code Ann. § 841.121(a) (Vernon Supp.2003). The Montgomery County trial judge who committed the person retains jurisdiction over the commitment proceedings under Subchapters F and G as well as the initial commitment proceeding conducted under Subchapters D and E. The jurisdiction over the case to be transferred under subsection 841.082(d) is to ensure the person's compliance with treatment and supervision and to protect the community. See Tex. Health & Safety Code Ann. § 841.082(a) (Vernon Supp.2004–05).

Subdivision 841.082(d) does not address in which appellate court one is to file an appeal of the commitment order. See Tex. Health & Safety Code Ann. § 841.082(d) (Vernon Supp.2004–05). The subsection does not say the case is to be transferred for purposes of appeal. To read the statute as requiring the trial court that tried the case to, immediately after signing a final judgment, transfer the file to another district court for consideration of post-judgment motions would create an unworkable process. See Tex.R. Civ. P.

306a(1). The transferee court likely would have insufficient information on what had transpired at trial to consider post-trial motions. Furthermore, contrary to the State's argument, the provision does not say the trial court is to wait until after all appeals are exhausted to transfer supervising jurisdiction. The commitment order, with certain exceptions, is effective immediately. The phrase "final for purposes of appeal" in Section 841.082(d) refers to the end of the trial court's plenary power to change a judgment under the rules governing filing of post-trial motions and appeals, and refers to when a case becomes final at the trial court level. See generally *Thomas v. Oldham,* 895 S.W.2d 352, 356 (Tex.1995) (describing trial court's plenary power in civil actions). This is the end of a discrete phase in the commitment proceeding. When all post-trial motions are resolved and the trial court concludes its work on the commitment order, to ensure compliance with treatment and supervision and to protect the community, supervisory jurisdiction is to be transferred to a proper court in the county where the committed person resides at that time.

The SVP statute does not have a provision outlining appeal procedure. An appeal of the trial court's judgment and commitment order is to be filed with the court of appeals having jurisdiction as in any other case. This Court has jurisdiction over an appeal from a judgment by a Montgomery County district court. See Tex. Gov't Code Ann. § 22.201(j); § 22.220 (Vernon 2004); see also Tex. Const. art. V, § 6. Despite Lowe's vagueness argument, he properly filed his appeal with this Court. Section 841.082(d) is not void for vagueness. Lowe's third issue is overruled.

■ In his fourth issue, Lowe argues his Fifth Amendment privilege against

self-incrimination was violated when he was interviewed by the State's experts and when he was required to give a deposition. At the beginning of Lowe's deposition, Lowe's counsel stated on the record:

> For the record, we would object. We feel that our client, George Lowe, has a—kind of a blanket Fifth Amendment right not to answer questions or to give information that would be used in a proceeding which is going to deprive him of his liberty interests; and so, we would like for the record, again, to reflect that we do object to these proceedings on those grounds.

Shortly after the deposition began, Lowe refused to answer all questions posed to him, and he continued to do so until the judge instructed him to answer. Lowe filed a motion to exclude the evidence the State obtained by questioning him. The trial court denied his motion.

 The United States Constitution and the Texas Constitution guarantee a person may not be compelled to testify or give evidence against himself. See U.S. Const. amend. V; Tex. Const. art. I, § 10; see *Maness v. Meyers*, 419 U.S. 449, 464, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975). The privilege may be asserted in civil cases when "the answer might tend to subject to criminal responsibility him who gives it." *Texas Dep't of Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d 757, 760 (Tex.1995) (quoting *McCarthy v. Arndstein*, 266 U.S. 34, 40, 45 S.Ct. 16, 69 L.Ed. 158 (1924)). Blanket assertions of the privilege in civil cases are impermissible. See *In re Commitment of Browning*, 113 S.W.3d 851, 865 (Tex.App.-Austin 2003, pet. denied). Rather, the privilege must be asserted on a question-by-question basis. *Id.* The trial court is to determine whether the assertion of the privilege is in good faith and is justifiable under the totality of the circumstances. See *In re Speer*, 965 S.W.2d 41, 46 (Tex.App.-Fort Worth 1998, orig. proceeding).

Lowe does not point to any questions that elicited information that would subject him to future criminal prosecution. "It is the trial court's duty to consider the witness's evidence and argument on each individual question and determine whether the privilege against self-incrimination is meritorious." *In re Speer*, 965 S.W.2d at 46. Because the commitment proceeding is civil, Lowe did not have a Fifth Amendment privilege to refuse to answer all questions. See *In re Browning*, 113 S.W.3d at 865. Lowe's fourth issue is overruled. The judgment of the trial court is affirmed.

AFFIRMED.