**In re COMMITMENT OF Travis Jerome JOHNSON.**

**No. 09–04–060–CV.**

Court of Appeals of Texas, Beaumont.

Submitted Nov. 18, 2004.

Delivered Dec. 22, 2004.

Daniel E. Maeso, Nelda F. Williams, State Counsels for Offenders, Huntsville, for appellant.

Autumn Lewis, Special Prosecution Unit, Huntsville, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

STEVE McKEITHEN, Chief Justice.

## OPINION

The State of Texas filed a petition to commit Travis Jerome Johnson as a sexually violent predator. See Tex. Health & Safety Code Ann. §§ 841.001–.147 (Vernon 2003 & Supp.2004–2005). A jury found Johnson suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence. The appellant does not challenge the sufficiency of the evidence to support the jury's findings. The trial court entered a final judgment and order of civil commitment. Johnson presents three issues in his appeal. We find no error and affirm the judgment.

The appellant's first issue contends the judgment is void because the venue provision for commitment proceeding filed under Chapter 841, Health and Safety Code, violates an express prohibition in the state constitution. Section 841.041 places venue in Montgomery County for all petitions alleging sexually violent predator status under Chapter 841. Tex. Health & Safety Code Ann. § 841.041(a) (Vernon Supp. 2004–2005). Article 3, section 56, of the Texas Constitution proclaims: "The Legislature shall not, except as otherwise provided in the Constitution, pass any local or special law, authorizing ... changing the venue in civil or criminal cases...." Tex. Const. art. III, § 56(a). The appellant argues the general law for venue in civil cases can be made applicable to cases of this type, so the legislature could not pass a special or local law placing venue exclusively in Montgomery County. Tex. Const. art. III, § 56(b).

■ First, we must address the State's contention that the appellant waived the issue. At trial, the appellant made no objection to venue, and the issue is raised for the first time on appeal. A complaint regarding the constitutionality of a statute is subject to the ordinary rules of procedural default. See *Tien Tao Ass'n, Inc. v. Kingsbridge Park Community Ass'n, Inc.*, 953 S.W.2d 525, 532 (Tex. App.-Houston [1st Dist.] 1997, no pet.). "[T]he constitutionality of a statute should be considered only when the question is properly raised and such determination is

necessary and appropriate to a decision in the case." *In re Doe 2*, 19 S.W.3d 278, 284 (Tex.2000). "The presumption is that a statute enacted by our Legislature is constitutional, and attacks on that presumption should generally be raised as an affirmative defense to enforcement of the statute." *Id.* (footnote omitted); see also *Tivoli Corp. v. Jewelers Mut. Ins. Co.*, 932 S.W.2d 704, 708 (Tex.App.-San Antonio 1996, writ denied)(state constitution-based challenge to visiting judge assignment section of Court Administration Act).

■ Johnson contends the argued illegality of the statute deprived the trial court of jurisdiction to decide the case. Jurisdiction is fundamental and can be raised at any time. *Tullos v. Eaton Corp.*, 695 S.W.2d 568 (Tex.1985). The appellant provides no authority holding that a court lacks subject matter jurisdiction over an action filed pursuant to an unconstitutional local or special law. Assuming for the sake of argument that the legislative act placing venue of sexually violent predator commitments is void, the appellant cites no precedent holding that no district court may have subject matter jurisdiction over a proceeding of this type, nor does he refer the Court to a case holding that improper venue is an issue of subject matter jurisdiction. A venue provision is not a substantive limitation on court power; it neither limits nor creates specific powers in a specific court. See *Hartford Underwriters Ins. Co. v. Hafley*, 96 S.W.3d 469, 473 (Tex.App.-Austin 2002, no pet.)(judicial review of administrative decision). Even if the place for filing suit was incorrect because the venue provision of Section 841.041 is void, the State nevertheless invoked the court's inherent power to exercise its judicial authority in the case, and the appellant failed to make the timely, specific objection required to preserve er-

ror for appellate review. See Tex.R.App. P. 33.1. Issue one is overruled.

■ In his second issue, Johnson argues Section 841.082(d) of the Texas Health and Safety Code is void for vagueness "in that it appears to mandate the trial judge to transfer jurisdiction 'for purposes of appeal' to another district court." See Tex. Health & Safety Code Ann. § 841.082(d) (Vernon Supp.2004–2005) ("Immediately after the case becomes final for purposes of appeal, the judge shall transfer jurisdiction of the case to a district court, other than a family district court, having jurisdiction in the county in which the person is residing, except that the judge retains jurisdiction of the case with respect to a civil commitment proceeding conducted under Subchapters F and G."). We considered and rejected an identical argument in *In re Commitment of Lowe*, No. 09-03-475-CV, 2004 WL 2827140, at * 1–5, 151 S.W.3d 739, at 740–44 (Tex.App.-Beaumont Dec.9, 2004, no pet. h.). We reject Johnson's argument for the same reasons expressed in Lowe. Issue two is overruled.

■ In his third issue, Johnson contends the commitment requirements of Health and Safety Code Section 841.082, and the final judgment and commitment order entered in accordance with the statute, violate due process because they are overly broad and vague. See Tex. Health & Safety Code Ann. § 841.082(a) (Vernon Supp.2004–2005). Most of the arguments presented by Johnson on this issue were considered and rejected in *In re Commitment of Castillo*, 144 S.W.3d 655, 656–57 (Tex.App.-Beaumont 2004, no pet.). As the appellant presents no argument for departing from that precedent, we shall address only those arguments not presented in Castillo. Johnson mentions the First Amendment, but presents no argument that the First Amendment is implicated in

this case. Furthermore, he did not raise any First Amendment-based grounds in the trial court. On appeal, Johnson complains of the commitment requirement that he notify the case manager of a change in his health or employment status. He did not object to this requirement in the trial court. Citing *In re Commitment of Fisher*, 123 S.W.3d 828, 846 (Tex.App.-Corpus Christi 2003, pet. granted), the appellant argues Section 841.082 does not refer to the standard of appropriateness found in Section 592.032 of the Texas Health and Safety Code. See Tex. Health & Safety Code Ann. § 592.032 (Vernon 2003). This argument, too, is presented for the first time on appeal. Likewise, the appellant did not argue in the trial court, as he does on appeal, that the statute is vague because it fails to require treatment within well-established professional standards for treatment of sex offenders. He complains that Section 841.002(3) employs an unconstitutionally vague definition of "case manager" because the statute does not specify the required professional training to be possessed by a case manager, but he did not challenge that statute before the trial court. Although Johnson challenges several provisions of a document titled "Civil Commitment Requirements: Treatment and Supervision Contract.", the "contract" is not included in the appellate record. Because the errors asserted on appeal were not presented to the trial court, or concern documents not included in the appellate record, the appellant's new arguments have not been preserved for appellate review. *Castillo*, 144 S.W.3d at 656; Tex.R.App. P. 33.1. Issue three is overruled. We affirm the judgment.

AFFIRMED.