In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-293 CV


____________________



IN RE COMMITMENT OF MICHAEL MCKINNEY







On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 03-09-06910-CV






OPINION


 The State of Texas filed a petition to commit Michael McKinney as a sexually
violent predator. See Tex. Health & Safety Code Ann. §§ 841.001-.150 (Vernon 2003
& Supp. 2004-05). A jury found McKinney suffers from a behavioral abnormality making
him likely to engage in a predatory act of sexual violence, and further found McKinney
has serious difficulty in controlling his sexually violent behavior. The appellant does not
challenge the sufficiency of the evidence to support the jury's findings. The trial court
entered a final judgment and order of civil commitment. McKinney presents three issues
in his appeal. We find no error and affirm the judgment.

 The appellant's first issue contends the judgment is void because section 841.041
of the Health and Safety Code violates the state constitutional prohibition on the passage
of special and local laws changing the venue in civil and criminal cases. See Tex. Const.
art. III, § 56(a)(4); Tex. Health & Safety Code Ann. § 841.041(a) (Vernon Supp.
2004-05). McKinney did not present this challenge to the trial court, and raises the issue
for the first time on appeal. Therefore, no error is preserved for appellate review. In re
Commitment of Johnson, No. 09-04-060 CV, ___WL ___ (Tex. App.--Beaumont
December ___, 2004, no pet. h.)(not yet reported); Tex. R. App. P. 33.1. Issue one is
overruled.

 In his second issue, McKinney argues section 841.082(d) of the Texas Health and
Safety Code is void for vagueness "in that it appears to mandate the trial judge to transfer
jurisdiction 'for purposes of appeal' to another district court." See Tex. Health &
Safety Code Ann. § 841.082(d) (Vernon Supp. 2004-05). We considered and rejected
an identical argument in In re Commitment of Lowe, No. 09-03-475-CV, slip op. at 2-10,
2004 WL 2827140 (Tex. App.--Beaumont Dec. 9, 2004, no pet. h.). We reject
McKinney's argument for the same reasons expressed in Lowe. Issue two is overruled.

 In his third issue, McKinney contends the commitment requirements of section
841.042 of the Health and Safety Code and the final judgment and commitment order
violate due process because they are overly broad and vague. See Tex. Health & Safety
Code Ann. § 841.082(a) (Vernon Supp. 2004-05). Except for a reference to separation
of powers, the arguments presented by McKinney were also presented in Johnson. 
Johnson, slip op. at ___. McKinney did not present to the trial court any of the complaints
raised under the arguments relating to this issue. Because the errors asserted on appeal
were not presented to the trial court, the appellant's error has not been preserved for
appellate review. Id.; Tex. R. App. P. 33.1. Issue three is overruled. We affirm the
judgment.

 AFFIRMED.


 PER CURIAM



Submitted on November 18, 2004

Opinion Delivered December 22, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.