In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-074 CV


____________________



IN RE COMMITMENT OF JOSE OVALLE






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 03-06-04437-CV






MEMORANDUM OPINION


 The State of Texas filed a petition to commit Jose Ovalle as a sexually violent
predator. See Tex. Health & Safety Code Ann. §§ 841.001-.147 (Vernon 2003 & Supp.
2005). A jury found Ovalle was a repeat sexually violent predator who suffers from a
behavior abnormality making him likely to engage in a predatory act of sexual violence. The
trial court entered a final judgment and order of civil commitment under the Act. Ovalle 
raises four issues on appeal.

 In his first issue, Ovalle contends the judgment is void because the venue provision
for commitment proceedings filed under Chapter 841 of the Texas Health and Safety Code
violates an express prohibition in the Texas Constitution. Section 841.041 places venue in
Montgomery County for all petitions alleging sexually violent predator ("SVP") status. See 
Tex. Health & Safety Code Ann. § 841.041 (Vernon Supp.2005). Article 3, section 56(b)
of the Texas Constitution states: "The Legislature shall not, except as otherwise provided
in this Constitution, pass any local or special law authorizing . . . changing the venue in civil
or criminal cases . . .." Tex. Const. Art.3, § 56(b). Ovalle argues the general venue law for
civil cases can be applicable to SVP cases, and, thus, the legislature can not pass a special
or local law placing venue exclusively in Montgomery County. 

 First, we must address the State's contention that Ovalle waived the issue. At trial,
Ovalle made no objection to venue; instead, the issue is raised for the first time on appeal. 
A complaint regarding the constitutionality of a statute is subject to the ordinary rules of
procedural default. Tien Tao Ass'n, Inc. v. Kingsbridge Park Community Ass'n, Inc., 953
S.W.2d 525, 532 (Tex. App.--Houston [1st Dist.] 1997, no pet.). "[T]he constitutionality of
a statute should be considered only when the question is properly raised and such
determination is necessary and appropriate to a decision in the case." In re Doe 2, 19 S.W.3d
278, 284 (Tex. 2000). "The presumption is that a statute enacted by our Legislature is
constitutional, and attacks on that presumption should generally be raised as an affirmative
defense to enforcement of the statute." Id. (footnote omitted); see also Tivoli Corp. v.
Jewelers Mut. Ins. Co., 932 S.W.2d 704, 708 (Tex. App.--San Antonio 1996, writ denied)
(state constitution-based challenge to visiting judge assignment section of Court
Administration Act). 

 Ovalle contends the alleged illegality of the statute deprived the trial court of
jurisdiction to decide the case. Jurisdiction is fundamental and can be raised at any time. 
Tullos v. Eaton Corp., 695 S.W.2d 568 (Tex. 1985). Appellant provided no authority
holding a court lacks subject matter jurisdiction over an action filed pursuant to an
unconstitutional local or special law. Assuming for the sake of argument that the legislative
act placing venue of SVP commitments in Montgomery County is void, the appellant cites
no precedent holding that no district court may have subject matter jurisdiction over a
proceeding of this type, nor does he refer the Court to a case holding that improper venue is
an issue of subject matter jurisdiction. A venue provision is not a substantive limitation on
court power; it neither limits nor creates specific powers in a specific court. See Hartford
Underwriters Ins. Co. v. Hafley, 96 S.W.3d 469, 473 (Tex. App.--Austin 2002, no
pet.)(judicial review of administrative decision). Even if the place for filing suit were
incorrect because the venue provision of Section 841.041 is void, the State nevertheless
invoked the court's inherent power to exercise its judicial authority in the case, and the
appellant failed to make the timely, specific objection required to preserve error for appellate
review. See Tex. R. App. P. 33.1. Issue one is overruled. 

 In issue two, Ovalle contends that section 841.082(d) is void for vagueness as it
appears to mandate the trial judge to transfer jurisdiction "for purposes of appeal" to another
district court, which would be a procedure not authorized by the Texas Constitution or the
Texas Government Code. We recently addressed and rejected this argument. See In re
Commitment of Lowe, NO. 09-03-475 CV, 2004 WL 2827140 at *5 (Tex. App.--Beaumont
Dec. 9, 2004, no pet. h.). For the same reasons, we reject Ovalle's argument here. Issue two
is overruled.

 Issue three maintains the SVP statute is punitive and thus must comply with
constitutional safeguards. We have addressed and rejected this argument in other cases. See
Beasley v. Molett, 95 S.W.3d 590, 607-08 (Tex. App.--Beaumont 2002, pet. denied); In re
Commitment of Graham, 117 S.W.3d 514, 514-15 (Tex. App.--Beaumont 2003, pet. denied);
In re Commitment of Larkin, 127 S.W.3d 930, 931 (Tex. App.--Beaumont 2004, no pet.); In
re Castillo, 144 S.W.3d 655, 656 (Tex. App.--Beaumont 2004, no pet.). For the same
reasons, we reject Ovalle's argument here. Issue three is overruled.

 In his fourth issue, Ovalle asserts certain portions of the SVP statute, as well as the
final judgment and order of commitment are unconstitutionally vague and violate his due
process rights. 

 Ovalle first maintains certain statutory provisions are constitutionally vague, namely,
requirements imposed on the committed person under particular subsections of section
841.082(a). Ovalle preserved error regarding his vagueness complaints about the following
subsections: 

 subsection (1) - the person must reside in a particular location;


 


 subsection (4) - the person must participate in a specific course of
treatment;


 


 subsection (5) - the person must submit to tracking under a particular
type of tracking service and to any other appropriate supervision;

 subsection (9) - any other requirements determined necessary by the
judge. 



See Tex. Health & Safety Code Ann. § 841.082(a) (Vernon Supp. 2005). We have
considered and rejected vagueness complaints about these subsections in previous cases, and
for the same reasons reject Ovalle's argument here. See Beasley, 95 S.W.3d at 608-10; see
also In re Commitment of Mullens, 92 S.W.3d 881, 887-88 (Tex. App.--Beaumont 2002, pet.
denied).

 On appeal, Ovalle also attacks section 841.082(a)(8) for vagueness, but he failed to
preserve this assertion for our review as required by Rule 33.1(a) of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 33.1(a). Thus, we do not consider his vagueness
argument on section 841.082(a)(8). 

 Next, Ovalle maintains the commitment order is unconstitutionally vague. He refers
specifically to the provision ordering him not to have contact with "potential victims." 
However, appellant failed to preserve this assertion for our review as required by Rule
33.1(a) of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 33.1(a). Thus, we
do not consider his vagueness argument regarding the commitment order.

 Next, Ovalle attacks certain requirements of the treatment and supervision contract,
which he attaches to his appellate brief as Appendix B. However, this contract is not part of
the appellate record. Materials attached to briefing, but not in the appellate record, cannot
be considered by an appellate court. See Till v. Thomas, 10 S.W.3d 730, 733-34 (Tex. App.--Houston [1st Dist.] 1999, no pet.); Tex. R. App. P. 34.1. Thus, we do not consider Ovalle's
arguments regarding the treatment and supervision contract. Issue four is overruled. The
judgment of the trial court is affirmed.

 AFFIRMED. 

 ________________________________

 DON BURGESS

 Justice


Submitted on November 18, 2004 

Opinion Delivered December 22, 2004 

Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.