In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-376 CV


____________________



IN RE COMMITMENT OF EARL JAMISON III






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 04-04-02481 CV 






MEMORANDUM OPINION



 The State of Texas filed a petition to commit Earl Jamison III as a sexually violent
predator. See Tex. Health & Safety Code Ann. §§ 841.001 - .150 (Vernon 2003 and Supp.
2005). A jury found Jamison "suffers from a behavioral abnormality that makes him likely to
engage in a predatory act of sexual violence." The trial court entered a final judgment and order
of civil commitment.

 In his first issue, Jamison contends that the SVP statute, the "Final Judgment and Order
of Commitment," and the "Civil Commitment Requirements" are overly broad and vague. He
says they violate his due process rights under the United States and Texas constitutions. Similar
arguments have been considered and rejected in other cases. See In re Commitment of Johnson,
153 S.W.3d 129, 131-32 (Tex. App.--Beaumont 2004, no pet.); In re Commitment of Castillo, 144
S.W.3d 655, 656-57 (Tex. App.--Beaumont 2004, no pet.); In re Commitment of Browning, 113
S.W.3d 851, 864-65 (Tex. App. --Austin 2003, pet. denied). 

 As to the statute itself, Jamison argues various subsections of section 841.082(a) are
unconstitutionally vague. See Tex. Health & Safety Code Ann. § 841.082 (Vernon Supp.
2005). He contends the definition of "case manager" in section 841.002(3) is overly broad and
vague. See Tex. Health & Safety Code Ann. § 841.002(3) (Vernon Supp. 2005). As to the
judgment, he says the language forbidding him from having contact with "potential victims" is
unconstitutionally vague. Our review of the record indicates these complaints concerning the
statute and the judgment were not presented to the trial court. Jamison also attacks various
"civil commitment requirements" in the treatment and supervision contract as being overly broad,
vague, or both. He attaches the document to his appellate brief as an appendix. However, this
contract is not part of the appellate record. 

 The State argues Jamison has waived his complaints in issue one. Because the errors
asserted by Jamison in issue one were not presented to the trial court or concern documents not
included in the appellate record, the issue has not been preserved for appellate review. See
Johnson, 153 S.W.3d at 132; Castillo, 144 S.W.3d at 656-57; Till v. Thomas, 10 S.W.3d 730,
733-34 (Tex. App.-- Houston [1st Dist.] 1999, no pet.); Tex. R. App. P. 33.1; Tex. R. App. P.
34.1. Issue one is overruled.

 In issue two, Jamison argues section 841.082(d) is void for vagueness because it "appears
to mandate the trial judge to transfer jurisdiction 'for purposes of appeal' to another district
court[.]" See Tex. Health & Safety Code Ann. § 841.082(d) (Vernon Supp.
2005)("Immediately after the case becomes final for purposes of appeal, the judge shall transfer
jurisdiction of the case to a district court, other than a family district court, having jurisdiction in
the county in which the person is residing, except that the judge retains jurisdiction of the case
with respect to a civil commitment proceeding conducted under Subchapters F and G."). We
considered and rejected a similar argument in In re Commitment of Lowe, 151 S.W.3d 739, 741-44
(Tex. App.--Beaumont 2004, pet. filed). 

 Appellant also appears to argue that the trial court denied him the right to assert the Fifth
Amendment privilege against self-incrimination. Jamison refers us to his Motion to Exclude
Evidence, denied by the trial court, which objected to the use of any evidence obtained from the
State's questioning of Jamison. The motion, in effect, is a blanket assertion of the Fifth
Amendment privilege against self-incrimination and the right not to be compelled as a witness
against oneself. We have considered similar arguments in Lowe, 151 S.W.3d at 744-45, and
rejected them. Blanket assertions of the privilege are impermissible in civil cases. See In re
Speer, 965 S.W.2d 41, 46 (Tex. App.--Fort Worth 1998, orig. proceeding). The privilege must
be asserted on a question-by-question basis, and the trial court determines whether the assertion
of the privilege is in good faith and justifiable under the totality of the circumstances. Id. Jamison
does not point to any questions eliciting information that would subject him to future criminal
prosecution. See Lowe, 151 S.W.3d at 745. Issue two is overruled. 

 The trial court's judgment is affirmed.

AFFIRMED. 

 

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on April 21, 2005

Opinion Delivered May 5, 2005


Before McKeithen, C.J., Gaultney and Kreger, JJ.