In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-393 CV


____________________



IN RE COMMITMENT OF ZACHERY HALSELL






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 04-01-00365 CV 






MEMORANDUM OPINION



 The State of Texas filed a petition to commit Zachery Halsell as a sexually violent
predator. Tex. Health & Safety Code Ann. §§ 841.001 - .150 (Vernon 2003 and Supp.
2005). A jury found Halsell suffers from a behavioral abnormality that makes him likely
to engage in a predatory act of sexual violence. The trial court entered a final judgment
and order of civil commitment.

 In his first issue, Halsell contends that the SVP statute, the "Final Judgment and
Order of Commitment," and the "Civil Commitment Requirements" are overly broad and
vague. He argues they violate his due process rights under the United States and Texas
constitutions. Similar arguments have been considered and rejected in other cases. In re
Commitment of Johnson, 153 S.W.3d 129, 131-32 (Tex. App.--Beaumont 2004, no pet.);
In re Commitment of Castillo, 144 S.W.3d 655, 656-57 (Tex. App.--Beaumont 2004, no
pet.); In re Commitment of Browning, 113 S.W.3d 851, 864-65 (Tex. App. --Austin 2003,
pet. denied). 

 As to the statute itself, Halsell argues various subsections of section 841.082(a) are
unconstitutionally vague. Tex. Health & Safety Code Ann. § 841.082(a) (Vernon
Supp. 2005). Halsell contends section 841.082(a)(1) is overly broad and vague because
it does not define "appropriate residence" and gives no guidance to the judge in making
such a determination. Tex. Health & Safety Code Ann. § 841.082(a)(1) (Vernon Supp.
2005). He also argues the definition of "case manager" in section 841.002(3) is overly
broad and vague. Tex. Health & Safety Code Ann. § 841.002(3) (Vernon Supp.
2005). Halsell argues the requirement in section 841.082(a)(4) that he participate in a
"specific course of treatment" is overly broad. Tex. Health & Safety Code Ann. §
841.082(a)(4) (Vernon Supp. 2005). As to the judgment, Halsell contends the language
forbidding him from having contact with "potential victims" is unconstitutionally vague. 
Our review of the record indicates these complaints concerning the statute and the
judgment were not presented to the trial court. 

 Halsell also attacks various "civil commitment requirements" in the order of civil
commitment as being overly broad, vague, or both. However, the treatment and
supervision contract is not part of the appellate record. In response, the State contends
Halsell has waived his complaints in issue one. Because the complaints asserted by Halsell
in issue one were not presented to the trial court or concern documents not included in the
appellate record, the issue has not been preserved for appellate review. Johnson, 153
S.W.3d at 132; Castillo, 144 S.W.3d at 656-57; Till v. Thomas, 10 S.W.3d 730, 733-34
(Tex. App.-- Houston [1st Dist.] 1999, no pet.); Tex. R. App. P. 33.1; Tex. R. App. P.
34.1. Issue one is overruled.

 In issue two, Halsell argues section 841.082(d) is void for vagueness because it
"appears to mandate the trial judge to transfer jurisdiction 'for purposes of appeal' to
another district court[.]" Tex. Health & Safety Code Ann. § 841.082(d) (Vernon
Supp. 2005) ("Immediately after the case becomes final for purposes of appeal, the judge
shall transfer jurisdiction of the case to a district court, other than a family district court,
having jurisdiction in the county in which the person is residing, except that the judge
retains jurisdiction of the case with respect to a civil commitment proceeding conducted
under Subchapters F and G."). We considered and rejected a similar argument in In re
Commitment of Lowe, 151 S.W.3d 739, 741-44 (Tex. App.--Beaumont 2004, pet. filed). 

 Appellant also appears to argue that the trial court denied him the right to assert his
Fifth Amendment privilege against self-incrimination. Halsell refers us to a Motion to
Exclude Evidence, in which he objected to the use of any evidence obtained from the
State's questioning of him. We find no such pleading in the clerk's record. However, at
the beginning of the trial, Halsell's counsel stated "we'd like to put an objection on the
record that we don't feel Mr. Halsell should testify based on the Fifth Amendment, that
he may be likely to divulge information which will incriminate himself." The court
overruled the objection.

 The objection is a blanket assertion of the Fifth Amendment privilege against self-incrimination and the right not to be compelled as a witness against oneself. We
considered similar arguments in Lowe and rejected them. Lowe, 151 S.W.3d at 744-45. 
Blanket assertions of the Fifth Amendment privilege are impermissible in civil cases. In
re Speer, 965 S.W.2d 41, 46 (Tex. App.--Fort Worth 1998, orig. proceeding). The
privilege must be asserted on a question-by-question basis, and the trial court determines
whether the assertion of the privilege is in good faith and justifiable under the totality of
the circumstances. Id. Halsell does not point to any questions eliciting information that
would subject him to future criminal prosecution. See Lowe, 151 S.W.3d at 745. Issue
two is overruled. 


 The trial court's judgment is affirmed.

AFFIRMED. 

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on May 6, 2005

Opinion Delivered May 26, 2005


Before McKeithen, C.J., Gaultney and Horton, JJ.