NUMBER 13-07-401-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN RE: RENE R. GARZA

 


On Petition for Writ of Mandamus and 

Motion for Emergency Temporary Relief

 


MEMORANDUM OPINION
 


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion Per Curiam


 

 By writ of mandamus, relator, Rene R. Garza, asks this Court to compel the trial
court to withdraw its order requiring Garza to provide testimony, despite his assertion of the
Fifth Amendment privilege against self-incrimination, or suffer abatement of his civil lawsuit. 
See U.S. Const. amend. V; Tex. Const. art. I, § 10. We conditionally grant the petition
for writ of mandamus.



 Background


 Garza worked for Palm Valley Health Care, Inc. ("Palm Valley"), a licensed home-health care service partially owned by Garza'a aunt, Idalia Canales. Canales terminated
Garza, and Garza consequently brought suit against Palm Valley and Canales for breach
of contract, fraud, fraudulent inducement, negligent misrepresentation, unjust enrichment,
promissory estoppel, and quantum meruit. Garza alleged that Canales failed to pay him
for his services and failed to provide compensation in accordance with oral and written
agreements between the parties. 

 During his deposition, Garza asserted his Fifth Amendment privilege against self-incrimination and refused to answer certain questions about his knowledge of alleged
illegal activities that occurred at Palm Valley. Specifically, counsel for real parties warned
Garza that the answers to certain questions "may implicate you in criminal activity." 
Counsel then asked Garza several questions regarding whether he was aware of any
criminal wrongdoing by Canales while he worked at Palm Valley. Garza pleaded the Fifth
Amendment privilege against self-incrimination in response to these questions.

 Real parties filed a motion to compel. On June 18, 2007, the trial court signed an
order compelling relator to answer questions to which he asserted the privilege against
self-incrimination and ordering that "failure to abide by this Order will result in an abatement
of this case." The following day, the trial court entered an order staying its order on the
motion to compel.

 Garza filed a petition for writ of mandamus and emergency motion for expedited
consideration on June 21, 2007. The Court granted relator's motion for expedited
consideration and requested that real parties in interest file a response to relator's petition
for writ of mandamus on or before June 29, 2007. Real parties in interest, Palm Valley and
Idalia Canales, filed a motion for emergency stay on grounds that this matter was set for
trial on Monday, June 25, 2007. This Court granted the motion for emergency stay and
ordered all proceedings in the trial court stayed pending further order of this Court, or until
the case is finally decided. See Tex. R. App. P. 52.10(b) ("Unless vacated or modified, an
order granting temporary relief is effective until the case is finally decided."). 

 Relator contends the trial court abused its discretion in granting the motion to
compel because (1) the trial court failed to properly inquire whether Garza's refusal to
answer was based upon good faith and was justifiable under all of the circumstances, and
(2) he did not waive his Fifth Amendment privilege through the offensive use doctrine. 
Relator argues that he should not have to choose between his constitutional privilege
against self-incrimination and his right to access the courts. In contrast, real parties in
interest contend that Garza's refusal to testify constitutes an offensive use of the Fifth
Amendment privilege which justifies the trial court's abatement of the suit. According to
real parties in interest, testimony regarding the nature and extent of the alleged illegal
activities "go to viability and value of [Palm Valley] and to the merit of Garza's equitable
claims," and the information withheld leaves real parties without the ability to present and
prepare their defense to Garza's contract, tort, and equitable claims.

Mandamus


 Mandamus is an extraordinary remedy, which will issue only to correct a clear abuse
of discretion or a violation of a duty imposed by law when there is no adequate remedy by
appeal. In re Ford Motor Co., 165 S.W.3d 315, 317 (Tex. 2005); Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion when it errs in determining
what the law is or in applying the law to the facts. In re Bruce Terminix Co., 988 S.W.2d
702, 703 (Tex. 1998).

 If a trial court denies a witness's assertion of the privilege against self-incrimination,
the witness can challenge that ruling by a petition for writ of mandamus. That is to say,
mandamus is appropriate for constitutional protections like the privilege against
self-incrimination that an appeal could not adequately protect. See Tilton v. Marshall, 925
S.W.2d 672, 682 (Tex. 1996) (orig. proceeding); In re Speer, 965 S.W.2d 41, 45 (Tex.
App.-Fort Worth 1998, orig. proceeding); Gebhardt v. Gallardo, 891 S.W.2d 327, 329-30
(Tex. App.-San Antonio 1995, no writ); see also In re Verbois, 10 S.W.3d 825, 827-828
(Tex. App.-Waco 2000, orig. proceeding).

Privilege against Self-Incrimination


 The United States Constitution and the Texas Constitution guarantee a person may
not be compelled to testify or give evidence against himself. See U.S. Const. amend. V;
Tex. Const. art. I, § 10; see Maness v. Meyers, 419 U.S. 449, 464; In re Lowe, 151
S.W.3d 739, 745 (Tex. App.-Beaumont 2004, pet. denied); In re Speer, 965 S.W.2d at 45.
The privilege may be asserted in civil cases when "the answer might tend to subject to
criminal responsibility him who gives it." Texas Dep't of Pub. Safety Officers Ass'n v.
Denton, 897 S.W.2d 757, 760 (Tex. 1995) (quoting McCarthy v. Arndstein, 266 U.S. 34,
40 (1924)). Blanket assertions of the privilege in civil cases are impermissible. See In re
Lowe, 151 S.W.3d at 745; In re Commitment of Browning, 113 S.W.3d 851, 865 (Tex.
App.-Austin 2003, pet. denied). Rather, the privilege must be asserted on a
question-by-question basis. In re Lowe, 151 S.W.3d at 745; In re Commitment of Browning,
113 S.W.3d at 865; In re Verbois, 10 S.W.3d at 828. 

 In a civil suit, a witness's decision to invoke the privilege against self-incrimination
is not absolute. In re Speer, 965 S.W.2d at 46; see Ex parte Butler, 522 S.W.2d 196, 198
(Tex. 1975). In Butler, the Supreme Court explained that:

 The judge is entitled to determine whether the refusal to answer appears to
be based upon the good faith of the witness and is justifiable under all of the
circumstances. The inquiry by the court is necessarily limited, because the
witness need only show that an answer to the question is likely to be
hazardous to him; the witness cannot be required to disclose the very
information which the privilege protects. Before the judge may compel the
witness to answer, he must be "'perfectly clear, from a careful consideration
of all the circumstances in the case, that the witness is mistaken, and that
the answer(s) cannot possibly have such tendency' to incriminate." Hoffman
v. United States, 341 U.S. 479, 95 L. Ed. 1118, 71 S. Ct. 814 (1951).


Id.; see In re Lowe, 151 S.W.3d at 745; In re Speer, 965 S.W.2d at 46. It is the trial court's
duty to consider the witness's evidence and argument on each individual question and
determine whether the privilege against self-incrimination is meritorious. In re Speer, 965
S.W.2d at 46; see In re Lowe, 151 S.W.3d at 746. More particularly, upon a party's
assertion of the Fifth Amendment privilege to a discovery request, the trial court reviews
the discovery request, applies the law of privilege, discovery, and protection to the request,
and determines how best to protect the privilege, the right to proceed with the case, and
the right to defend the suit. See generally In re R.R., 26 S.W.3d 569, 574 (Tex.
App.-Dallas 2000, orig. proceeding); In re Speer, 965 S.W.2d at 45-46. In a civil suit, a
fact finder may draw an adverse inference against a party who pleads the Fifth
Amendment. See Tex. R. Evid. 513(c); Denton, 897 S.W.2d at 760; In re Edge Capital
Group, Inc., 161 S.W.3d 764, 767 (Tex. App.-Beaumont 2005, orig. proceeding); Texas
Capital Secs., Inc. v. Sandefer, 58 S.W.3d 760, 779 (Tex. App.-Houston [1st Dist.] 2001,
pet. denied). 

 Ordinarily, a court should not penalize a party's assertion of the privilege. Spevack
v. Klein, 385 U.S. 511, 515 (1967). However, a party must not assert the privilege in a way
that renders the civil proceeding unfair. Denton, 897 S.W.2d at 760. When a claimant
seeks to withhold pertinent information from a defendant by asserting his privilege against
self-incrimination, he transforms his Fifth Amendment shield into a sword. Id. at 760-61.
Three factors must be considered before we may determine whether a party has made an
offensive use of his privilege: (1) whether the party asserting the privilege is seeking
affirmative relief; (2) whether the party is using the privilege to protect outcome
determinative information; and (3) whether the protected information is not otherwise
available to the defendant. Id.; Republic Ins. v. Davis, 856 S.W.2d 158, 161 (Tex. 1993);
Marshall v. Ryder Sys., 928 S.W.2d 190, 195 (Tex. App.-Houston [14th Dist.] 1996, writ
denied). If any one of these requirements is not met, the trial court must uphold the
privilege. Republic Ins., 856 S.W.2d at 163. 

 A trial court has the authority to respond to an offensive use of an evidentiary
privilege by imposing the sanctions authorized by the rules of procedure. Denton, 897
S.W.2d at 759. A trial court can ultimately dismiss a party's claims for failing to comply with
an order for discovery, but only after first satisfying the procedures governing sanctions.
In addition, before imposing a sanction, the trial court must consider whether remedial
steps short of sanctions can alleviate the problem. Id. Then, assuming they cannot, the
trial court must determine whether a lesser sanction would satisfy the legitimate purpose
of the sanction before imposing a death penalty sanction. Id. 

Analysis


 In asserting his Fifth Amendment right against self-incrimination, Garza has shown
that the answers at issue in this case are likely to be hazardous to him. See Butler, 522
S.W.2d at 198. Real parties do not suggest otherwise, and, in fact, warned Garza that his
responses to certain questions "may implicate you in criminal activity." However, real
parties in interest contend that the trial court acted within its discretion in sanctioning Garza
for asserting his Fifth Amendment right against self-incrimination because Garza was
making an offensive use of the privilege. 

 As stated previously, an offensive use of the privilege occurs when: (1) the party
asserting the privilege is seeking affirmative relief; (2) the party is using the privilege to
protect outcome determinative information; and (3) the protected information is not
otherwise available to the defendant. Denton, 897 S.W.2d at 760; Republic Ins., 856
S.W.2d at 161.

 In the instant case, relator was seeking to hold real parties in interest liable for, inter
alia, fraud and breach of contract. Relator was unquestionably seeking affirmative relief
for his claims. Accordingly, relator meets the first of the three requirements for an
offensive use of the privilege. Denton, 897 S.W.2d at 760.

 The second prong of the test for an offensive use requires that "the privileged
information sought must be such that, if believed by the factfinder, in all probability it would
have been outcome determinative of the cause of action asserted . . . . The confidential
communication must go to the very heart of the affirmative relief sought." Id. at 761
(quoting Republic Ins., 856 S.W.2d at 161). 

 Real parties argue that the requested discovery is relevant to the valuation of Palm
Valley for purposes of measuring potential damages under any of relator's legal or
equitable claims for relief, but also determines the outcome of the causes of action. Real
parties contend that if Garza was aware of, or participated in, alleged illegal activities at
Palm Valley, Garza's claims in law and equity would be defeated by his participation or
acquiescence to such conduct. 

 We reject real parties' argument that the requested discovery is outcome-determinative because it could affect the amount of potential damages. Under the test
articulated by the Texas Supreme Court, this criterion for an offensive use of the privilege
against self-incrimination concerns the liability of the parties and not the calculation or
amount of damages. See id.

 Garza's causes of action are based on alleged misrepresentations regarding
ownership interests in Palm Valley and breach of an oral agreement, also pertaining to
ownership of the company. Garza's causes of action are also based on a written
employment agreement which promised a base salary, an annual incentive bonus tied to
net profits, and compensation equal to half of the value of the company upon a "triggering
event." 

 Information regarding Garza's knowledge of alleged illegal activities at Palm Valley
is not outcome determinative regarding whether or not Canales made misrepresentations
to Garza or whether Canales breached an oral or written contract with Garza. Moreover,
based on the record before us, any such information would not affect Garza's alleged
ownership interests in Palm Valley. However, while this information is not relevant to the
breach of contract and similar issues, it could directly affect Garza's equitable causes of
action. Knowledge of alleged illegal activities would, in all probability, be outcome-determinative of Garza's causes of action for unjust enrichment, promissory estoppel, and
quantum meruit. Accordingly, the second requirement to establish an offensive use of the
privilege has been met. See id. 

 Under the third requirement to establish an offensive use, the protected information
must not be otherwise available to the defendant. Denton, 897 S.W.2d at 761. That is,
disclosure of the confidential communication must be the only means by which the
aggrieved party can obtain the evidence. Id. 

 Relator refused to answer questions about alleged illegal activity on the part of
Canales. Canales is clearly another source for this information. While real parties argue
that they are entitled to discovery of Garza's knowledge of Canales's alleged illegal
activities, requiring each witness to testify regarding his or her own personal knowledge of
alleged illegal activities would eviscerate the utility of this prong of the offensive use test. 
Accordingly, the third requirement for an offensive use has not been satisfied.

Conclusion


 Real parties in interest have failed to meet the requirements delineated by the Texas
Supreme Court to establish that Garza was making an offensive use of the privilege
against self-incrimination. See id. Accordingly, the trial court abused its discretion in
sanctioning Garza by granting the motion to compel Garza to answer the specified
questions and abating the suit until Garza testified. 

 We lift the stay previously imposed by this Court. See Tex. R. App. P. 52.10(b). We
direct the trial court to vacate its order compelling Garza to testify and abating the lawsuit
until Garza has testified. In further conducting proceedings in this matter, the trial court is
entitled to determine whether Garza's refusal to answer questions based on his asserted
Fifth Amendment right against self-incrimination appears to be based upon good faith and
is justifiable under all of the circumstances. See Butler, 522 S.W.2d at 198. Upon Garza's
assertion of the Fifth Amendment privilege to a discovery request, the trial court should
review the discovery request, apply the law of privilege, discovery, and protection to the
request, and determine how best to protect the privilege, the right to proceed with the case,
and the right to defend the suit. See In re Edge Capital Group., Inc., 161 S.W.3d at 768. 
While the trial court should not penalize Garza for asserting the privilege, as with an
abatement, it can take acts to ensure that the civil proceeding remains "fair." See Denton,
897 S.W.3d at 760. For instance, when a plaintiff invokes the privilege against
self-incrimination, the trial court can subsequently prohibit the plaintiff from introducing
evidence on the subject, and such an act of judicial discretion does not constitute
penalizing the plaintiff's use of the privilege. Id. The trial court can also allow an adverse
inference to be drawn against Garza. See Tex. R. Evid. 513(c); Denton, 897 S.W.2d at
760. 

 We conditionally grant the petition for writ of mandamus for the reasons stated
herein. The writ will issue only if the trial court fails to act in accordance with this opinion. 

 PER CURIAM

 

Memorandum Opinion delivered and 

filed this the 6th day of August, 2007.