**In re COMMITMENT OF Lonnie VANZANDT.**

No. 09–03–466 CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 25, 2005.

Decided Feb. 3, 2005.

Daniel E. Maeso, Section Chief, State Counsel for Offenders, Nelda F. Williams, State Counsel for Offenders, Huntsville, for appellant.

Autumn Lewis, Special Prosecution Unit, Huntsville, for appellee.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

OPINION

STEVE McKEITHEN, Chief Justice.

The State of Texas filed a petition to commit Lonnie VanZandt as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001–.147 (Vernon 2003 & Supp.2005). A jury found VanZandt suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence, and the appellant does not challenge the sufficiency of the evidence to support the verdict. VanZandt presents five issues in his appeal from the judgment and order of civil commitment. We find no error and affirm the judgment.

■ In his first issue, VanZandt contends the trial court abused its discretion in allowing rebuttal testimony by the State's witness to exceed the proper scope of rebuttal. After the State rested and the appellant and his expert testified, the trial court permitted the State to present testimony from the therapist who conducted the clinical interview of VanZandt during the initial evaluation for civil commitment proceedings. "When it clearly appears to be necessary to the due administration of justice, the court may permit additional evidence to be offered at any time; provided that in a jury case no evidence on a controversial matter shall be received after the verdict of the jury." Tex.R. Civ. P. 270. The decision to permit a party to present additional evidence after having rested is within the trial court's discretion. *See Word of Faith World Outreach Ctr. Church, Inc. v. Oechsner*, 669 S.W.2d 364, 366 (Tex.App.-Dallas 1984, no writ) (exclusion of rebuttal evidence held not abuse of discretion). We cannot reverse a judgment because the trial court permitted a party to re-open unless that decision was an abuse of discretion. *In re Protection of H.W.*, 85 S.W.3d 348, 357–58 (Tex.App.-Tyler 2002, no pet.) (citing *Word of Faith World Outreach Ctr. Church, Inc.*, 669 S.W.2d at 367). In *H.W.*, the reviewing court held the trial court did not abuse its discretion in permitting the State to re-open after the close of evidence. *In re Protection of H.W.*, 85 S.W.3d at 357–58 (although the State failed to show due diligence in offering the expert testimony, the one week delay was not unreasonable and no injustice was shown). In this case, VanZandt complains that the testimony extended beyond the proper scope of rebuttal, but he neither demonstrates surprise or prejudice from permitting the State to present its testimony out of order, nor argues the evidence would have been inadmissible on case-in-chief. Issue one is overruled. The appellant's second issue contends the judgment is void because Health and Safety Code § 841.041 violates the state constitutional prohibition on the passage of special and local laws changing the venue in civil and criminal cases. *See* Tex. Const. art. 3, § 56; Tex. Health & Safety Code Ann. § 841.041(a) (Vernon Supp.2005). VanZandt did not present this challenge to the trial court, and raises the issue for the first time on appeal. Therefore, no error is preserved for appellate review. *In re Commitment of Johnson*, 153 S.W.3d 129 (Tex.App.-Beaumont, 2004, no pet. h.)(not yet reported); Tex. R.App. P. 33.1. Issue two is overruled.

■ In his third issue, VanZandt argues Section 841.082(d) of the Texas Health and Safety Code is void for vagueness "in that it appears to mandate the trial judge to transfer jurisdiction 'for purposes of appeal' to another district court. . . ." *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1188 § 4.01, 1999 Tex. Gen. Laws 4122, 4148, amended by Act of May 30, 2003, 78th

Leg., R.S., ch. 347, § 24, 2003 Tex. Gen. Laws 1505, 1517 (current version at Tex. Health & Safety Code Ann. § 841.082(d) (Vernon Supp.2005)) ("Immediately after the case becomes final for purposes of appeal, the judge shall transfer jurisdiction of the case to a district court, other than a family district court, having jurisdiction in the county in which the person is residing, except that the judge retains jurisdiction of the case with respect to a civil commitment proceeding conducted under Subchapters F and G."). We considered and rejected the same argument in *In re Commitment of Lowe*, 151 S.W.3d 739, 741-744 (Tex.App.-Beaumont, 2004, pet. filed). We reject VanZandt's argument for the same reasons expressed in *Lowe*. Issue three is overruled.

■ The appellant's fourth issue claims that the trial judge showed partiality before the jury. VanZandt argues the judge displayed bias by allowing the State to present a witness after the appellant rested, by making appellant's counsel repeat properly made objections, and by assisting the State's attorney in offering evidence. Of the seventeen instances of error featured in his brief, none of them were the subject of the objection raised on appeal. An "objection to a trial court's alleged improper conduct or comment must be made when it occurs if a party is to preserve error for appellate review, unless the conduct or comment cannot be rendered harmless by proper instruction." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001). Issue four is overruled.

In his fifth issue, VanZandt contends the commitment requirements of Health and Safety Code Section 841.082, and the final judgment and commitment order entered in accordance with the statute, violate appellant's due process rights because they are overly broad and vague. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1188 § 4.01, 1999 Tex. Gen. Laws 4122, 4147-48, amended by Act of May 30, 2003, 78th Leg., R.S., ch. 347, § 24, 2003 Tex. Gen. Laws 1505, 1516-17 (current version at Tex. Health & Safety Code Ann. § 841.082(a) (Vernon Supp.2005)). The arguments presented by VanZandt were also presented and rejected in other appeals taken under the SVP statute. *See Johnson*, slip op. at 4-6; *In re Commitment of Castillo*, 144 S.W.3d 655, 656-57 (Tex. App.-Beaumont 2004, no pet.). As the appellant presents no argument for departing from that precedent, we shall address only those arguments not considered in *Johnson* and *Castillo*.

■ VanZandt challenges several provisions of a document titled "Civil Commitment Requirements: Treatment and Supervision Contract." The document was attached to VanZandt's pre-trial motion to dismiss the State's petition on the ground that it was unconstitutionally punitive.[1] Although the document is attached to a pre-trial motion, VanZandt did not present the trial court with the vagueness challenge this issue involves, nor did he object to the individual requirements mentioned in his brief on appeal. Because the errors asserted on appeal were not presented to the trial court, the appellant's arguments have not been preserved for appellate review. *Castillo*, 144 S.W.3d at 656; Tex. R.App. P. 33.1. Issue five is overruled. We affirm the judgment.

AFFIRMED.

---

1. The trial court denied the motion without a hearing.