In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00221-CV**
_____


**IN RE COMMITMENT OF ROBERT CONWAY**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-05-05193 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Robert Conway as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). A jury found that Conway is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. In four appellate issues, Conway challenges the admission of certain evidence and the trial court's conduct during trial. We affirm the trial court's judgment and order of civil commitment.

1

Evidentiary Rulings

In issues one, two, and three, Conway contends that the State elicited testimony from Dr. John Tennison on cross-examination in violation of Rules of Evidence 402, 403, 613(b), and 702. "We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *see In re Commitment of Salazar*, No. 09-07-345 CV, 2008 Tex. App. LEXIS 8856, at \*19 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.). We will not reverse unless the error probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1).

During cross-examination of Tennison, Conway's expert witness, the State elicited the following testimony:

> State: And you've said previously in another case that you wanted to try to lend some rationality to the defense?
>
> Tennison: I think that was in the same context that I made the comment about having a personal critique, is that it seemed like there was some irrational processes going on that I thought I could lend some rationality to the process.

The State subsequently asked Tennison about four other SVP cases in which Tennison had testified as an expert witness. The trial court overruled Conway's objections to this testimony. Tennison testified regarding the cases of Lester Winkle, Raul Barron, Ronald Mitchell, and Rolando Romo, in which he

2

determined that each respondent did not suffer from a behavioral abnormality. Tennison testified regarding the respondents' offenses and victims.

On appeal, Conway contends that Tennison's testimony regarding these four cases was not relevant to whether Conway suffers from a behavioral abnormality, was more prejudicial than probative, and caused harm. Conway contends that the State violated Rule 613(b) by asking Tennison about the four cases because Tennison had already admitted his intent to "lend some rationality to the defense" and the four cases did not tend to prove bias. Assuming, without deciding, that the trial court abused its discretion by admitting the complained-of evidence, we cannot say that admission of the evidence caused the rendition of an improper judgment.

The jury heard Conway's responses to the State's request for admissions, including admissions that he has had no formal sex offender treatment, has never requested sex offender treatment, and is not a sex offender. The jury also heard testimony regarding Conway's risk factors, Conway's pedophilia diagnosis, Conway's ten convictions for sexual offenses, and Dr. David Self's opinion that Conway suffers from a behavioral abnormality. The complained-of evidence comprised less than fifteen pages of a multi-volume record. During its closing argument, the State did not mention the four cases. The record does not indicate

3

that the entire case turned on the complained-of evidence. *See Brownsville Pediatric Ass'n v. Reyes*, 68 S.W.3d 184, 192 (Tex. App.—Corpus Christi 2002, no pet.). Because we cannot conclude that any error in the admission of the complained-of testimony caused the rendition of an improper judgment, we overrule issues one, two, and three.

## Trial Judge's Conduct

In issue four, Conway contends that the trial judge demonstrated bias during trial and deprived him of a fair trial. Conway argues that the admission of testimony regarding the four other SVP cases likely led the jury to believe that Conway is like all other respondents in SVP trials. Conway complains that by commenting that the State was "properly impeaching" Tennison, the trial judge unfairly yoked Conway with the respondents in the other four cases and created the impression that Tennison is not credible. Conway also complains that the trial judge made comments that Conway paid for Tennison's opinion, which Conway contends undermined Tennison's credibility and portrayed Tennison and Conway's defense team as unethical. Additionally, Conway cites instances when he believes the trial judge treated Tennison with hostility. Finally, Conway contends that the trial judge demonstrated bias by allowing the State to elicit testimony from its

expert regarding Conway's sexual offenses and another evaluator's opinion that Conway suffers from a behavioral abnormality.

A trial judge should be fair and impartial and not act as a party's advocate or adversary. *In re Commitment of Conley*, No. 09-10-00383-CV, 2011 Tex. App. LEXIS 7877, at *15 (Tex. App.—Beaumont Sept. 29, 2011, no pet.) (mem. op.). To preserve error regarding judicial bias, an objection to the trial judge's alleged improper conduct or comment must be made when it occurs, unless a proper instruction cannot render the conduct or comment harmless. *In re Commitment of Vanzandt*, 156 S.W.3d 671, 674 (Tex. App.—Beaumont 2005, no pet.). The record in this case does not demonstrate that Conway objected to the trial judge's comments or actions as biased when they occurred, and we cannot say that a proper instruction would not have rendered any error harmless. *See In re Commitment of Fields*, No. 09-09-00005-CV, 2009 Tex. App. LEXIS 9548, at **13-14 (Tex. App.—Beaumont Dec. 17, 2009, pet. denied) (mem. op); *Vanzandt*, 156 S.W.3d at 674. Our review of the entire record and the trial judge's allegedly improper conduct does not show that Conway was denied a fair trial. *See Conley*, 2011 Tex. App. LEXIS 7877, at *17. We overrule issue four and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on October 30, 2013
Opinion Delivered November 14, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.