In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00346-CV**
_____

**IN RE COMMITMENT OF JOHNNY LEE LEMMONS**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-11-11614 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Johnny Lee Lemmons as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). A jury found that Lemmons is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. In five appellate issues, Lemmons contends that the trial court (1) denied his right to have an attorney present during the State's post-petition expert examination; (2) erroneously admitted evidence regarding the facts and details of his prior offenses and the statutory administrative screening process; (3) erroneously granted the State's motion for directed verdict; and (4) made improper

1

comments during trial. We affirm the trial court's judgment and order of civil commitment.

## Right to Counsel

In issue one, Lemmons contends that he was entitled to the presence of an attorney at the pre-trial expert examination. We have held that neither the SVP statute nor the Fourteenth Amendment require that counsel be present during a psychiatrist's post-petition examination. *See In re Commitment of Smith*, No. 09-13-00100-CV, 2014 Tex. App. LEXIS 667, at *10 (Tex. App.—Beaumont Jan. 23, 2014, no pet. h.) (not yet released for publication). We overrule issue one.

## Admission of Evidence

In issues two and five, Lemmons challenges the admission of certain evidence. "We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *see In re Commitment of Salazar*, No. 09-07-345 CV, 2008 Tex. App. LEXIS 8856, at *19 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.). We will not reverse unless the error probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1).

In issue two, Lemmons challenges the admission of evidence regarding the facts and details of his prior offenses on grounds that the evidence should have

been excluded under Rule of Evidence 403. During trial, Lemmons objected to testimony regarding the facts of his offenses on grounds that the evidence was more prejudicial than probative. The trial court overruled the objection and instructed the jury that:

> [H]earsay normally is not admissible; however, certain hearsay information contained in records reviewed by experts is allowed into evidence through expert testimony. Such evidence is admitted only for the basis of showing the basis of the expert's opinion.

The trial court granted Lemmons a running objection to this type of testimony. The State's expert, Dr. David Self, testified that Lemmons was convicted of burglary of a building, two counts of indecency with a child by exposure, one count of indecency of a child by contact, and aggravated sexual assault of three girls. Self testified to the facts underlying Lemmons's convictions for indecency and aggravated sexual assault. There was also other evidence including the details of Lemmons's prior offenses including the details of Lemmons's indecency and aggravated sexual assault offenses. The trial court included a limiting instruction in the jury charge.

"[A]n expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data on which he bases his opinion." *In re Commitment of Jackson,* No. 09-12-00291-CV, 2013 Tex. App. LEXIS 13507, at *9 (Tex. App.—Beaumont Oct. 31, 2013, no pet.) (mem. op); *see In re*

3

*Commitment of Day*, 342 S.W.3d 193, 197-98 (Tex. App.—Beaumont 2011, pet. denied). The trial court "shall exclude the underlying facts or data if the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial." Tex. R. Evid. 705(d). "If otherwise inadmissible facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request." *Id*.

Lemmons did not object to the trial court's limiting instruction given during Dr. Self's testimony, request a different or additional instruction, or object to the limiting instruction contained in the jury charge. We presume the jury followed the trial court's limiting instructions. *See Day*, 342 S.W.3d at 199. The trial court could have reasonably concluded that the facts and details related to Lemmons's underlying offenses would be helpful to the jury to explain how Self formed his opinion that Lemmons suffers from a behavioral abnormality. Given the purpose for admitting this evidence, its cumulative nature, and the trial court's limiting instructions, the trial court's conclusion that the evidence was not unfairly prejudicial was reasonable. *See Jackson*, 2013 Tex. App. LEXIS 13507, at \*10; *see also Day*, 342 S.W.3d at 199. The admission of Self's testimony was not an abuse

of discretion and did not cause the rendition of an improper verdict. *See* Tex. R. App. P. 44.1(a)(1). We overrule issue two.

In issue five, Lemmons challenges the admission of evidence regarding the administrative screening process. During his testimony, Self explained that people referred to him by the Special Prosecution Unit "have passed two screens already that said, yes, yes, that the person has a behavioral abnormality." Lemmons did not object to Self's testimony. On appeal, Lemmons contends that an assessment is only performed once and, consequently, Self's testimony falsely conveyed to the jury that Lemmons had already been determined to have a behavioral abnormality by "two screens" of experts. He contends that admission of Self's testimony constitutes fundamental error that may be raised for the first time on appeal. We have held that this type of alleged error "does not fall within the narrow scope of the 'fundamental error' doctrine recognized by the Texas Supreme Court." *In re Commitment of King*, No. 09-13-00255-CV, 2014 Tex. App. LEXIS 724, at *15 (Tex. App.—Beaumont Jan. 23, 2014, no pet. h.) (mem. op.). Accordingly, issue five is not preserved for appellate review and is overruled. *See id.*; *see also* Tex. R. App. P. 33.1.

Directed Verdict

In issue three, Lemmons argues that there is a conflict between the Texas Rules of Civil Procedure, which allow for a directed verdict, and the SVP statute, which provides that in a jury trial, the "jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator." Tex. Health & Safety Code Ann. § 841.062(a) (West 2010); *see* Tex. R. Civ. P. 268. Because the SVP statute controls when in conflict with the Texas Rules of Civil Procedure, Lemmons contends that the trial court erroneously granted the State's motion for a directed verdict. *See* Tex. Health & Safety Code Ann. § 841.146(b) (West 2010).

In an SVP case, a person "is entitled to a jury trial on demand." *Id*. § 841.061(b); *In re Commitment of Scott*, No. 09-11-00555-CV, 2012 Tex. App. LEXIS 8866, at *4 (Tex. App.—Beaumont Oct. 25, 2012, no pet.) (mem. op.). The State must prove, beyond a reasonable doubt, that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a). A "sexually violent predator" is a repeat sexually violent offender who suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Id*. § 841.003(a) (West Supp. 2013). In this case, the State moved for a directed verdict on grounds that the evidence conclusively established that Lemmons is a repeat sexually violent offender. The trial court granted the State's motion.

In cases involving a jury trial, we have held that a civil commitment proceeding is generally subject to the rules of procedure for civil cases, and the trial court may grant a partial directed verdict to remove a certain portion of a case from the factfinder. *Scott*, 2012 Tex. App. LEXIS 8866, at **4-5; *see In re Commitment of Martinez*, No. 09-12-00452-CV, 2013 Tex. App. LEXIS 13512, at *12 (Tex. App.—Beaumont Oct. 31, 2013, no pet.) (mem. op.). In a civil case, the right to a jury trial only applies when there are issues of fact to be resolved. *Rosenthal v. Boyd*, No. 03-11-00037-CV, 2013 Tex. App. LEXIS 5345, at *10 (Tex. App.—Austin May 1, 2013, no pet.) (mem. op.). A directed verdict does not violate the right to a trial by jury because it is a procedure that depends on a trial court's conclusion that there are no issues of fact to be determined. *Id*. at *11. Accordingly, we perceive no conflict between the SVP statute and the Rules of Civil Procedure that precludes the granting of a directed verdict in a jury trial when no evidence of probative value raises an issue of material fact on the question presented. *Compare Exxon Corp. v. Emerald Oil & Gas Co.,* 348 S.W.3d 194, 220 (Tex. 2011). We overrule issue three.

## Trial Court Conduct

In issue four, Lemmons contends that the trial court made extra-judicial comments that demonstrated a bias in favor of the State and commented on the

7

weight of the evidence during trial. To preserve error, an objection to the trial judge's alleged improper conduct or comment must be made when it occurs, unless a proper instruction cannot render the conduct or comment harmless. *In re Commitment of Vanzandt*, 156 S.W.3d 671, 674 (Tex. App.—Beaumont 2005, no pet.). The record in this case does not demonstrate that Lemmons objected to the trial judge's comments or actions when they occurred, and we cannot say that a proper instruction would not have rendered any error harmless. *See In re Commitment of Fields*, No. 09-09-00005-CV, 2009 Tex. App. LEXIS 9548, at **13-14 (Tex. App.—Beaumont Dec. 17, 2009, pet. denied) (mem. op.); *Vanzandt*, 156 S.W.3d at 674. Our review of the entire record and the trial judge's allegedly improper conduct does not show that Lemmons was denied a fair trial. *See In re Commitment of Conley*, No. 09-10-00383-CV, 2011 Tex. App. LEXIS 7877, at *17 (Tex. App.—Beaumont Sept. 29, 2011, no pet.) (mem. op.). We overrule issue four and affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 24, 2014
Opinion Delivered April 10, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.

8