**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00270-CV**
_____

**IN RE COMMITMENT OF ALBERT JOSEPH MAILHOT**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-09-09717 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit appellant Albert Joseph Mailhot as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014) ("SVP" statute). A jury found that Mailhot is a sexually violent predator, and the trial court signed a final judgment and order of civil commitment. In four appellate issues, Mailhot challenges the trial court's judgment and order of civil commitment. We affirm.

**Judicial Statements Made During Voir Dire**

In his first issue, Mailhot contends the trial court committed reversible error during voir dire by making judicial statements that were either an expression of bias in favor of the State or an indication of the court's opinions of the merits of

1

the case. Mailhot complains that the trial court made statements that amounted to a plea to the venire by asking that the venire enforce the law in favor of the State. During voir dire, the trial court stated to the venire:

> [S]exual offenses morally offend us, and that's why we make them against the law. And if we can't separate our moral outrage about the offense and listen to the evidence and the law as the Judge gives it to you, then . . . making it against the law is pointless because we won't have any enforcement of our laws. Juries enforce laws. That's your job. Judges will tell you what the law is, but it's the job of the jury to enforce the laws in the State of Texas. . . . And I know it's going to take some effort on your part to separate that moral outrage about the type of crime we're talking about and be willing to listen to the evidence and make a determination based upon the evidence you hear and the law as the Judge gives it to you. That's the law I'm going to give to you. And I want to make sure that for both Mr. Mailhot's sake and for the State's sake that you're willing and able to do this.

Mailhot complains that these statements "at the very least impl[y] that the court expected a certain verdict: one in favor of the State." Mailhot also complains that the trial court made another inappropriate remark during voir dire:

> [W]hen I say the word pedophilia people generally have an idea what that means and very strong opinions about it. And it's good to have very strong opinions about that. I'm a father of two children myself, and as the parents of children we need to know what that is to keep our children safe. In this trial, if you're lucky enough to make it on the jury -- I say lucky -- you'll expect to hear from expert witnesses about the word pedophilia and what that exactly means. Okay? And it's a very educational opportunity to hear from a psychiatrist about that topic, because, again, mostly what we know is what somebody has told us and what we've heard. And we really haven't heard it out of the mouth of a psychologist or psychiatrist that specializes in this area.

2

Mailhot contends that at the time the court made these statements, it was aware that only the State would be presenting expert testimony. Mailhot argues that the "only possible result of such a speech was to leave the venire with the indelible impression that the trial court believed the State's expert, the only expert who testified at trial, to be both reliable and credible."

The State argues that Mailhot failed to preserve this issue for review. To preserve error regarding a judge's comments during a trial, the complaining party must object when the comment occurs, unless the comment cannot be rendered harmless by a proper instruction. *In re Commitment of Vanzandt*, 156 S.W.3d 671, 674 (Tex. App.—Beaumont 2005, no pet.) (quoting *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001)); *see also In re Commitment of Lemmons*, No. 09-13-00346-CV, 2014 WL 1400671, at *3 (Tex. App.—Beaumont Apr. 10, 2014, pet. denied) (mem. op.). The record demonstrates that Mailhot neither objected to the trial judge's comments or actions when they occurred, nor did he ask the trial court for instructions directing the jury to disregard them. Mailhot responds that he was not required to object to the trial court's comments because the resulting harm was rendered incurable by instruction.

Assuming, without deciding, that the trial court's comments were improper, we conclude that Mailhot's complaints about these matters could have been resolved by proper instructions. On request, the trial court could have instructed

3

the jury to disregard its remarks and could have explained that its comments were not a reflection of the trial court's views regarding the merits of Mailhot's case. Such an instruction, in our opinion, would have been a sufficient remedy that would have cured any alleged prejudice that might relate to the trial court's comments at issue. Because appropriate instructions were capable of remedying any alleged harm, and because Mailhot failed to object or request that the jury be instructed regarding the comments, Mailhot's complaints about these comments were not properly preserved for our review. *See In re Commitment of Naden*, No. 09-13-00345-CV, 2014 WL 4952273, at \*\*1-2 (Tex. App.—Beaumont Oct. 2, 2014, no pet.) (mem. op.); *see also* Tex. R. App. P. 33.1(a)(1)(A). We overrule Mailhot's first issue.

## SVP Statute

In his second issue, Mailhot contends that the SVP statute violates the Texas Constitution's prohibition against retroactive laws because Mailhot was convicted of both qualifying offenses prior to the statute's enactment. Mailhot explains that the statute applies retroactively to him because when he pleaded guilty, he did so in exchange for a guarantee of being released in fifteen years and that future involuntary civil commitment was not a term of his plea agreement. He contends that he entered his plea agreement before the Legislature enacted Chapter 841.

4

We have previously rejected Mailhot's argument. *See In re Commitment of Dodson*, 434 S.W.3d 742, 747-48 (Tex. App.—Beaumont 2014, pet. filed); *see also In re Commitment of Bradshaw*, No. 09-12-00570-CV, 2013 WL 5874613, at **5-6 (Tex. App.—Beaumont Oct. 31, 2013, pet. denied) (mem. op.). In *Dodson*, we explained that the constitutional prohibition against retroactive laws does not apply to the SVP statute because it is a civil statute intended to be remedial and not punitive. 434 S.W.3d at 747-48. The SVP statute does not fix liability for prior criminal conduct, and thus has no effect on prior plea agreements. *See id.* at 748. A respondent's "prior criminal conduct is used for evidentiary purposes, either to demonstrate that a 'behavioral abnormality' exists or to support a finding of future dangerousness." *Id.* We reject Mailhot's argument that the SVP statute's application in this case resulted in a violation of the prohibition against the enactment of retroactive laws. *See id.* We overrule Mailhot's second issue.

**Right to Counsel During Post-Petition Examination**

In his third issue, Mailhot contends the trial court committed reversible error by denying Mailhot the right to have his counsel present during the State's post-petition expert examination. We have held that neither the SVP statute nor the Fourteenth Amendment requires that counsel be present during a psychiatrist's post-petition examination. *See In re Commitment of Smith*, 422 S.W.3d 802, 807 (Tex. App.—Beaumont 2014, pet. denied); *see also In re Commitment of Slama*,

5

No. 09-13-00497-CV, 2014 WL 6488943, at *1 (Tex. App.—Beaumont Nov. 20, 2014, no pet. h.) (mem. op.); *In re Commitment of Wirtz*, No. 14-13-00945-CV, 2014 WL 5490522, at **4-6 (Tex. App.—Houston [14th Dist.] Oct. 30, 2014, no pet.); *In re Commitment of Bryant*, No. 09-13-00310-CV, 2014 WL 4460405, at *1 (Tex. App.—Beaumont, Sept. 11, 2014, no pet.) (mem. op.); *In re Commitment of Edward*, 443 S.W.3d 520, 529 (Tex. App.—Beaumont 2014, pet. filed). We decline to revisit our previous rulings. For the reasons discussed in *Smith*, we conclude Mailhot has not shown he was denied the right to assistance of counsel. *See Smith*, 422 S.W.3d at 804-07. We overrule Mailhot's third issue.

## Admissibility of Evidence

In his fourth issue, Mailhot contends the trial court committed fundamental error when it deprived Mailhot of a fair trial by admitting testimony that the State conducts an extensive screening process prior to filing an SVP civil-commitment suit. Mailhot explains that the complained-of testimony informed the jury that many people had agreed before trial that Mailhot was an SVP, which left the impression that Mailhot's status as an SVP was already established. "We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000). We will not reverse the trial court's ruling unless the error probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1).

6

During Dr. Arambula's testimony, he explained that Mailhot went through a screening process in accordance with the SVP statute before Dr. Arambula was asked to evaluate Mailhot. Dr. Arambula testified that certain individuals are flagged based on the number of sexual offense convictions they have received. Dr. Arambula testified that once those individuals are selected, "they go through an evaluation process by a Multidisciplinary Team." The team collects information and makes a preliminary decision about whether the team believes the person has a behavioral abnormality. The team typically has a psychologist evaluate the case and offer an opinion. If the team determines that the individual suffers from a behavioral abnormality, then the case is transferred to the Special Prosecution Unit and Dr. Arambula or some other qualified individual is asked to evaluate the case. Dr. Arambula testified that he has never rubber-stamped a case to adopt the conclusion of the multidisciplinary team. Dr. Arambula described the screening process as including "a series of checks and balances[.]" He testified that he has disagreed with the team's conclusion in at least eight cases. Dr. Arambula agreed that the screening process explains, in part, why he finds a behavioral abnormality in such a high proportion of the cases he evaluates.

Mailhot did not object to Dr. Arambula's testimony. Mailhot contends that admission of Dr. Arambula's testimony constitutes fundamental error that may be raised for the first time on appeal. However, this type of alleged error "does not fall

within the narrow scope of the 'fundamental error' doctrine recognized by the Texas Supreme Court." *In re Commitment of King*, No. 09-13-00255-CV, 2014 WL 346109, at *5 (Tex. App.—Beaumont Jan. 23, 2014, no pet.) (mem. op.); *see also Lemmons*, 2014 WL 1400671, at *2. Mailhot has failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1. We overrule Mailhot's fourth issue.

Having overruled all of Mailhot's issues on appeal, we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on April 30, 2014
Opinion Delivered January 15, 2015

Before McKeithen, C.J., Kreger, and Horton, JJ.

8