# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO.  09-14-00270-CV
_____

### IN RE COMMITMENT OF LESTER BERTRAM WILLIAMS

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-11-12742 CV**

### MEMORANDUM OPINION

Lester Bertram Williams (Williams) appeals from a jury verdict that resulted in his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014) (SVP statute). In three appellate issues, Williams complains about certain comments the trial court judge made during voir dire and in the presence of the jury, and he argues that this Court's decision in *In re Commitment of Richard*, No. 09-13-00539-CV, 2014 Tex. App. LEXIS 6974 (Tex. App.—Beaumont June 26, 2014, pet. denied) (mem. op.),

*cert. denied*, No. 14-8485, 2015 U.S. LEXIS 2449 (Apr. 6, 2015), renders Chapter 841 unconstitutional. We affirm the trial court's judgment.

COMMENTS BY THE TRIAL COURT JUDGE

In issues one and two, Williams argues that the trial court judge improperly commented on the weight of the evidence during voir dire and during the trial. Williams' first issue complains of the following comments the trial court judge made during voir dire:

> Now, a topic we talk about in this courtroom many times is the issue of pedophilia. Okay? We talk about the issue of homosexuality. Okay? You can expect to hear from a doctor or doctors during this trial because this is sort of one of them psychological requirements. Right? And who comes in and testifies about those? Psychologists, psychiatrists, those type of individuals.
> What you know about the issue of pedophilia is what you've read on the Internet -- and we know that's never wrong -- what you've been told, unless you have some higher education in this area. If you're lucky enough to make the jury panel -- I use that word lucky because it's a little sugar, making it a little better for you -- you'll learn something in this trial.
> . . . .
> Now, I want to make sure -- like I said, if somebody has been diagnosed a pedophile -- the expert will come in and tell you what that means. But I have to make sure you can be a fair and impartial juror to Mr. Williams. So is there anybody that didn't say "no" to that question that wants to change their answer and has thought about it and says: Well, I can't be fair to somebody that's been diagnosed a pedophile?

Williams' second issue complains about comments that the trial court judge made when Williams' attorney was cross-examining the State's expert witness, Dr.

2

Michael Arambula. Arambula testified that, based on his pre-trial examination, he did not initially diagnose Williams with pedophilia because Williams lacked a six-month duration for pedophilic acts or urges as required by the Diagnostic and Statistical Manual (DSM). At trial, Williams admitted he lied to Arambula. Arambula then explained that he "adjusted [his] diagnosis[]" because

> [Williams] essentially wiped out a good portion of the information that he provided me. And so, that leaves me with the records and the two victims. And if -- in that case, then, because this happened for one to two years, that would -- that would meet DSM criteria.

Williams' attorney asked about the DSM six-month requirement for a pedophilia diagnosis, and the following exchange occurred:

> [WILLIAMS' COUNSEL] Q: Okay. If I said that under F.65G.3 of the ICD-10, the classification of mental and behavioral disorders, that one of the requirements for pedophilia is that the preference has been present for at least six months, would you believe that?
>
> [DR. ARAMBULA]: Sounds like there was a DSM mole --
>
> [STATE'S COUNSEL]: Object to lack of --
>
> [DR. ARAMBULA]: -- in that committee.
>
> [STATE'S COUNSEL]: We object to lack of foundation.
>
> [TRIAL COURT JUDGE]: I don't really know what the relevance of that is to whether your client has a behavioral abnormality or not. So let's get back to whether your client has a behavioral abnormality or not. Okay?

3

[WILLIAMS' COUNSEL]: Your Honor, the relevance is that the doctor said it's not in the literature anywhere. This is literature saying exactly that.

[TRIAL COURT JUDGE]: No. Ask relevant questions about your client and whether he has a behavioral abnormality or not. Okay?

[WILLIAMS' COUNSEL]: Yes, Your Honor.

[TRIAL COURT JUDGE]: That's not relevant in this trial because it's occurred for more than six months.

[WILLIAMS' COUNSEL]: I don't --

[TRIAL COURT JUDGE]: -- this trial occurred more than -- he said it's occurred for more than six months. Okay? It's what the records show. So ask your next question. In some trials I could see where it might be relevant, but this one it is not. Okay. Ask your next question.

Williams argues that the comments the trial court judge made during voir dire constitute "a blatant expression of the trial court's belief that the State's expert was a credible and reliable source for information about pedophilia[]" because the court was aware that only the State would be presenting expert testimony. Williams also argues that the remarks the trial court judge made during the cross-examination on the DSM's six-month requirement were improper comments on the weight of the evidence because the comments "directly communicated to the jury [the court's] opinion on the case," they encouraged the jury to consider hearsay basis evidence for its truth, and they left "the indelible impression that . . . the trial court agreed with Dr. Arambula."

4

A party complaining of an alleged improper comment by the trial court must show not only that the trial court's comments were improper but also that the improper comment caused harm. *See World Car Nissan v. Abe's Paint & Body, Inc.*, No. 04-12-00457-CV, 2013 Tex. App. LEXIS 9442, at *8 (Tex. App.—San Antonio July 31, 2013, pet. denied) (mem. op.). "We examine the record as a whole to determine whether the comment unfairly prejudiced the complaining party." *Id.* We will reverse the judgment only when the trial court's comments are improper and probably caused the rendition of an improper judgment. *Id.* at **7-8; *see also* Tex. R. App. P. 44.1.

To preserve error regarding a judge's comments during a trial, a party must both object to the comment when made and request an instruction, unless an instruction concerning the comment would not have rendered the comment harmless. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *In re Commitment of Vanzandt*, 156 S.W.3d 671, 674 (Tex. App.—Beaumont 2005, no pet.). The party complaining that a court's comments were improper bears the burden to explain how such comments were incurable by an instruction and that it would excuse the claimant's failure to preserve error. *See In re Stuteville*, No. 01-13-00921-CV, 2015 Tex. App. LEXIS 2243, at **33-34 (Tex. App.—Houston [1st Dist.] Mar. 10, 2015, no pet. h.) (mem. op.).

5

The record shows that Williams failed to object to the comments during voir dire or during the trial and that he failed to ask for any instructions to mitigate the impression he claims the trial court's comments gave the jury. However, he argues that he had no obligation to object to these comments because the resulting harm could not have been cured by a proper instruction.

Assuming, without deciding, that the trial court's comments were improper, we conclude that Williams' complaints about these matters could have been cured by a proper instruction. On request, the trial court could have instructed the jury to disregard its remarks and could have explained that its comments were not a reflection of the trial court's views regarding the merits of Williams' case or of the testimony, if any, which may or may not be offered by any particular witness. Such an instruction, in our opinion, would have been a sufficient remedy that would have cured any alleged prejudice that might relate to the trial court's comments at issue.

We further consider the court's comments in the context of the entire record. *See In re Commitment of Winkle*, 434 S.W.3d 300, 313 (Tex. App.—Beaumont 2014, pet. filed) (citing *In re Commitment of Barbee*, 192 S.W.3d 835, 848 (Tex. App.—Beaumont 2006, no pet.). During voir dire, the trial court judge also told the venire to keep an open mind and to listen to the evidence.

> [I]f people are not willing to keep an open mind and listen to evidence, then the laws which our Legislature pass don't mean anything.
>
> . . . .
>
> I've got to make sure that if we're talking about the issue of pedophilia or somebody that has been diagnosed a pedophile that you can be a fair and impartial juror. Everybody understand what I'm talking about? I want to make sure we're not hitting on an area that hits too close to home. Like I said, if [it] deals with pedophilia, homosexuality, you can still be a fair and impartial juror for both the State and Mr. Williams.
>
> . . . .
>
> Jurors judge the credibility of witnesses. That's what jurors do. Okay?

Williams' attorney also told the venire,

> [T]he Judge told you a little bit earlier that jurors are -- you're charged with weighing the credibility of the expert or whoever is testifying.
>
>  . . . .
>
> Well, again, you would -- if you make it onto the jury[,] it's your job to determine whether or not an expert is credible.

During trial, Williams' attorney requested a limiting instruction concerning the expert's basis evidence, and the court then gave a limiting instruction to the jury. The jury charge instructed the jury that "[y]ou are the sole judges of the credibility of the witnesses and the weight to give their testimony." The jury charge also reiterated the court's limiting instruction concerning the hearsay evidence upon which the expert based his opinion. We presume the jury followed the trial court's limiting instruction and the jury charge. *See Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 862 (Tex. 2009) ("The jury is

7

presumed to have followed the court's instructions."); *In re Commitment of Day*, 342 S.W.3d 193, 199 (Tex. App.—Beaumont 2011, pet. denied) ("We also presume the jury followed the trial court's limiting instruction."). Examining the record as a whole, we determine the complained-of comments did not unfairly prejudice Williams. *See World Car Nissan*, 2013 Tex. App. LEXIS 9442, at *8. We overrule Williams' first and second issues.

## IN RE COMMITMENT OF RICHARD

In his third issue, Williams contends that this Court's decision in *In re Commitment of Richard*, 2014 Tex. App. LEXIS 6974, renders Chapter 841 unconstitutional. We recently addressed and rejected this same argument in *In re Commitment of Lucero*, No. 09-14-00157-CV, 2015 Tex. App. LEXIS 1098, at **24-29 (Tex. App.—Beaumont February 5, 2015, no pet. h.) (mem. op.). For the same reasoning outlined in *Lucero*, we reject Williams' arguments and overrule issue three.

Having overruled all of Williams' issues, we affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on December 22, 2014
Opinion Delivered May 7, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.

9